## MILNER v. MEEK.

1. An appeal, where the amount in controversy is sufficient, lies to this court from a decree rendered by the Circuit Court, in the exercise of its appellate jurisdiction, in a suit wherein a bill in equity against the creditors of a bankrupt was filed and prosecuted to a final decree in the District Court by his assignees, who prayed for a sale of his land, and an adjustment of the liens thereon arising from judgment, mortgage, or otherwise.

2. The supervisory and the appellate jurisdiction of the Circuit Court, in cases arising under the bankrupt acts, distinguished.

3. Where the decree determined the amount and priority of the respective liens, an appeal therefrom will not be dismissed on the ground that it was taken by one lien creditor, if it brings up so much of the case and such of the parties as are necessary for the determination of his rights.

APPEAL from the Circuit Court of the United States for the Southern District of Ohio.

The case presented by this record is in substance as follows:

On the 17th of November, 1870, Abram A. Moore conveyed certain lands in Clinton County, Ohio, to John Milner, Jr. This conveyance, it is claimed, was made to hinder and delay creditors, and is therefore, as to them, void. Dec. 20, 1870, C. M. Walker commenced suit against Moore in the Court of Common Pleas of Clinton County, upon a contract made June 28, 1870; and at the same time caused an order of attachment to be issued under the laws of Ohio, by virtue of which he claimed to have attached as the property of Moore the lands conveyed to Milner. On the 2d of January, 1871, Thomas H. Long sued Moore in the same court, and claimed also to have attached the lands on the 10th of the same month. Jan. 19, 1872, Milner reconveyed the lands to Moore, who thereupon mortgaged them to Milner to secure the payment of a note for $8,295.89, payable, with interest, Dec. 25, 1872, and also to save him harmless against certain specified liabilities which he, as surety for Moore, had incurred. This mortgage was recorded in Clinton County Jan. 22, 1872. Subsequently to this time, sundry judgments were rendered against Moore which are liens upon his equity of redemption in the lands, and, July 13, 1870, he executed a mortgage on them to one Shepherd.

Nov. 23, 1872, Moore was adjudged a bankrupt in the District Court of the United States for the Southern District of

Ohio, and, Dec. 23, 1872, William M. Meek was duly appointed his assignee. On the 7th of December, 1872, leave was granted by the bankrupt court to Walker and Long, to proceed to judgment in their suits in the State court, for the purpose of ascertaining the amount which might be proven against the estate. Dec. 31, 1872, the assignee was, on his own application, made a party defendant to each of these suits; and, after trials. judgments were rendered against Moore in both actions.

March 10, 1873, Meek, the assignee, filed in the District Court of the United States for the Southern District of Ohio a petition, as follows : —

"*In the District Court of the United States for the Southern District of Ohio.*

"In the Matter of ABRAM A. MOORE, } In Bankruptcy.
　　　　　　Bankrupt.

"William M. Meek, assignee of the estate of Abram A. Moore, a bankrupt, respectfully represents that the said Abram A. Moore was declared a bankrupt Nov. 23, 1872; . . . that the assets of said estate consist of the following described real estate:" (here follows a description of the lands conveyed by the bankrupt to Milner and reconveyed by Milner); "that upon certain parcels of the land [describing them] the following liens are claimed to exist."

The liens as claimed are then set out specifically, as follows :
"1. Taxes.
"2. Walker's attachment and judgment.
"3. Shepherd's mortgage.
"4. Long's attachment and judgment.
"5. Milner's mortgage.
"6. Judgment in favor of Silas Routh.
"7. Judgment in favor of Samuel J. Moore.
"8. Judgment in favor of William W. Moore, Jr.
"9. An agreement in favor of William Moore, Sen.
"10. Judgment in favor of Thomas C. Moore.
"11. Judgment in favor of James Patton."

A statement is then given of the general creditors who have proven their claims, and the whole concludes with a prayer, as follows : —

"Your petitioner, therefore, prays that C. M. Walker, H. A. Shepherd, T. H. Long, John Milner, Jr., J. Silas Routh, Samuel J.

Moore, William W. Moore, Jr., William Moore, Sen., Thomas C. Moore, James Patton, . . . [and all the general creditors, naming them], may be made defendants hereto, and that the defendants may be called upon to answer, and that your Honor will order proper steps to be taken for the adjustment of the liens, and that your petitioner may be ordered to sell real estate upon such terms as in the judgment of your Honor seem best for all creditors, and such other relief as may be proper."

Process in the form of a subpœna was thereupon issued, and served upon all the parties named as defendants; and, April 8, 1873, the court ordered that the petition be referred to one of the registers of the court, with instructions, among other things, " to hear the testimony adduced by the parties and arguments of counsel, and to determine the priority of liens among the creditors of said bankrupt, and to make a full report to the court of all his findings, together with the evidence produced by the parties on the hearing, and of all such matters transpiring in the premises as might seem to him proper for the investigation of the court."

April 21, 1873, Walker filed his answer, setting up his claim, and praying that his lien might be established and his judgment paid out of the proceeds of the sale when made. To this answer Meek replied, in substance, denying the lien. On the same 21st April, 1873, Long filed his answer, setting up his claim and judgment, and asserting his lien. He also prayed that his lien might be established and his judgment paid. To this answer Meek replied, denying the lien. Milner also filed an answer and cross-petition in the cause, in which he denied the liens of Long and Walker, set up his mortgage as the first lien, and asked that he might be paid from the proceeds of the sale in preference to any other creditor. To this answer and cross-petition Meek answered, setting forth the conveyance from Moore to Milner Nov. 17, 1870, and averring that it was made upon no consideration, and was void as to creditors. He then set forth the reconveyance and the mortgage, but alleged that there was nothing due upon the mortgage, and that it, too, was fraudulent as against creditors. Walker, Long, and other lien creditors filed answers to the answer and cross-petition of Milner, setting forth substantially the same defences that were

contained in that of Meek. To these answers Milner replied. Other lien creditors filed answers to the original petition of the assignee, setting up their respective claims, and asking appropriate relief.

Testimony was taken before the register, who, on the 26th of February, 1874, made his report to the court, transmitting all the testimony taken. He reported against the mortgage of Milner, on the ground that it was fraudulent and void as to creditors. He also reported against the liens of Walker and Long, on the ground that both the attachments and levies were void. He then reported the amounts due the other lien creditors, with their respective priorities, and recommended that the property be sold by the assignee, and the proceeds distributed in the order of precedence as stated by him.

Exceptions were taken to this report by Milner and Long and Walker; and thereupon the cause came on to be heard before the court " on the petition of the assignee, filed in this court, and the answers and pleadings of all the defendants, filed before James H. Thompson, register, acting as master commissioner, under an order of reference made to him . . . the eighth day of April, 1873, . . . and also upon all the evidence and exhibits produced by all the parties upon the hearing . . . before the register, acting as master commissioner, . . . and also upon the written report . . . of said register acting as said master commissioner; and thereupon all parties interested in the cause appeared, . . . and waived all objections to all informality and irregularity of pleadings and proceedings before said register, except John Milner, Jr., who, in waiving said objections, expressly reserved whatever rights he might have to take additional testimony in his behalf in the event of the register's report, being not confirmed by the court on account of any such informality or irregularity." Upon this hearing the court decided adversely to the exceptions of Long, Walker, and Milner, and entered a decree, substantially confirming the report. Long, Walker, and Milner were thereupon allowed an appeal to the Circuit Court; and they each in due time perfected their appeals by executing the necessary bond.

Nov. 18, 1874, the following entry in the cause appears upon the journal of the Circuit Court : —

"Now come the several parties in interest, . . . and, waiving any irregularity which might exist in this proceeding by reason of not having been brought on a petition for review instead of by appeal, hereby consent that the transcript of the record of the District Court herein filed be treated as such bill of review, in case it should be held to be necessary."

The cause was thereupon heard in the Circuit Court, and, Nov. 19, 1874, a decree was entered in that court, as follows : —

"This day this cause came on to be heard on the transcript of the record of the District Court of the United States for the Southern District of Ohio, which was brought into the Circuit Court of the United States for said district upon an appeal from the findings and decrees of the District Court, and was argued by counsel; on consideration whereof, it is now here ordered, adjudged, and decreed that the decree of the said District Court in this cause be, and the same is, in all respects hereby affirmed. And it is further ordered that this cause be, and the same is hereby, remanded to the said District Court for further proceedings to be had therein, in conformity with the opinion of this court. And thereupon the said John Milner, Jr., . . . prays an appeal to the Supreme Court of the United States, which is allowed by the court."

The case is now here upon this appeal, and the assignee moves to dismiss —

1. Because no appeal lies to this court from the decrees and orders of the Circuit Court while exercising its supervisory jurisdiction under the bankrupt law ; and,

2. Because the other lien creditors who were parties to the proceeding below are not parties to the appeal.

*Mr. Stanley Matthews* and *Mr. J. B. Foraker* for the appellant. *Mr. Henry L. Dickey, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The validity of the first objection to this appeal depends upon whether the proceeding in the District Court is to be treated as a suit in equity or as part of the suit in bankruptcy. If the former, the appeal lies ; but if the latter, it does not.

The pleading filed by the assignee was appropriate in form for a petition in the bankrupt suit, but it was equally good in substance as a bill in equity. It contained a complete statement of a cause of action cognizable in equity, and a sufficient prayer for relief. There was no formal prayer for a subpœna, but process was issued and served. All the parties interested appeared, and presented their respective claims by answers, or answers and cross-petitions, with appropriate prayers for relief.

In *Stickney* v. *Wilt*, 23 Wall. 150, the petition was in all its essential features like the one in this case. It was filed by an assignee in bankruptcy against lien creditors, entitled as of the bankrupt suit, and addressed to the district judge. Like that in the present case, it contained no formal prayer for subpœna; but there was a prayer for relief, much like the one here.

The several lien claimants appeared, and presented their respective claims by answer. The District Court having directed a sale of the property free of an incumbrance set up by Wilt, he filed in the Circuit Court a petition for review under its supervisory jurisdiction. The Circuit Court reversed the order of the District Court, and sent the case back, with instructions to allow the claim of Wilt, and proceed accordingly. From this action of the Circuit Court the assignee took an appeal to this court, where it was decided that, notwithstanding the form of the petition filed in the District Court, it contained all the essential ingredients of a bill in equity; and, as the subject-matter of the action was one cognizable by the District Court, under that provision of the bankrupt law which gives it jurisdiction of suits at law and in equity in respect to the property of the bankrupt, that court must be presumed, in the absence of any thing appearing to the contrary, to have acted under that jurisdiction when it granted the relief complained of. For this reason, we held that the remedy of Wilt was by appeal to the Circuit Court, and not by petition for review under the supervisory jurisdiction; and that the action of the Circuit Court was irregular and of no effect, because of a want of power to proceed in that way in such a case. As, however, what the court did do was under an assumed supervisory jurisdiction, we did not dismiss the appeal, but sent the case back, with instructions to the Circuit Court to dismiss the petition for

review for want of jurisdiction, and suggesting to the District Court the propriety of entertaining a bill of review in equity to correct the errors in the original decree, if any were found to exist.

That case seems to us to be decisive of this, which is clearly one of equitable jurisdiction. The parties expressly waived all errors of form, and asked the court to proceed to a final hearing of all the questions in which they were interested. The court did proceed, and did enter a decree, from which an appeal was allowed and taken to the Circuit Court. In the Circuit Court the parties again stipulated that the court might proceed as upon an appeal, with the understanding, however, that the appeal should be turned into a petition for review in case it appeared to be necessary. It is evident, therefore, that the case in the courts below was not only in substance a suit in equity, but that both the parties and the court treated it as such, and acted accordingly. The proceeding is full of irregularities; but these have all been waived, and both courts below were asked to hear and decide the case upon its merits, without regard to mere form.

We are clearly of the opinion that, under the practice as finally established in this court in furtherance of justice, the case was properly brought here by the appeal.

As to the second objection, it is sufficient to say that the appeal was allowed in open court during the term at which the decree was rendered. No citation was, therefore, necessary. *Brockett* v. *Brockett*, 2 How. 241. Milner alone appealed; but his appeal brings up so much of the case and such of the parties as are necessary for the determination of his rights.

The motion to dismiss the appeal is, therefore, denied, and we are brought to a consideration of the case upon its merits. This presents only questions of fact. It is unnecessary to recapitulate the testimony; but, after a careful examination of the whole record, we are satisfied that the conveyance executed by the bankrupt to Milner, Nov. 17, 1870, was void as against creditors, but that the mortgage of the 19th of January, 1872, was executed for a good and valuable consideration, and without fraud, and that it constitutes a valid and subsisting lien upon the property mortgaged as of the date of its record, to

secure the payment of such an amount as may appear to be due upon the indebtedness and liability secured thereby.

The decree of the Circuit Court, in so far as it affirms the decree of the District Court declaring the mortgage in favor of Milner fraudulent and void, will be reversed, and the cause remanded to the Circuit Court, with instructions to reverse the decree of the District Court rejecting the lien of that mortgage, and to remand the cause to the District Court with instructions to establish that lien, and to proceed further with the cause as law and justice may seem to require ; and it is

*So ordered.*