ST. LOUIS UNITED ELEVATOR CO. v. NICHOLS et al.

(Circuit Court of Appeals, Seventh Circuit.    February 7, 1899.)

No. 530.

JOINT DECREE—APPEAL BY SINGLE DEFENDANT.

A deficiency decree against two defendants, the mortgagor and its grantee, who by the deed had assumed payment of the mortgage debt, is not only joint in form, but in effect, since it determines matters which might be the subject of controversy between the defendants, and the grantee cannot maintain an appeal therefrom without making its co-defendant a party to such appeal.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

Joseph S. Laurie, for the motion.

Samuel P. Wheeler, opposed.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

WOODS, Circuit Judge.    This is an appeal by the St. Louis United Elevator Company from a decree of which the following is the essential part:

"It appearing to the court that the deficiency between the net proceeds of the foreclosure sale and the amount of the mortgage debt is the sum of $31,724.79, and that the St. Louis United Elevator Company, by reason of its assumption of the payment of the mortgage debt in the deed from the Advance Elevator & Warehouse Company of date December 6th, 1889, conveying said property to the St. Louis United Elevator Company, subject to said mortgage, is equally liable for the payment of said deficiency, it is ordered, adjudged, and decreed that the above-named C. H. Albers, sole owner of all the mortgage bonds, recover of defendants, the Advance Elevator & Warehouse Company and the St. Louis United Elevator Company, said sum of $31,724.79, together with costs, and have execution therefor."

The appellees have moved to dismiss the appeal because the decree is a joint one against the two corporations named, one of which has

appealed without taking steps by summons or otherwise for a severance. The rule of practice is familiar, and has been applied in many cases, of which the following have been cited: Simpson v. Greeley, 20 Wall. 152; Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39; Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 693; Beardsley v. Railway Co., 158 U. S. 123, 15 Sup. Ct. 786. The contention of the appellant is that the decree appealed from is severable, both in form and substance, the interest represented by each defendant separate and distinct from that of the other, and the appeal therefore well taken. The following cases are cited: Gilfillan v. McKee, 159 U. S. 303, 16 Sup. Ct. 6; Germain v. Mason, 12 Wall. 259; Forgay v. Conrad, 6 How. 203; Todd v. Daniel, 16 Pet. 523; Hanrick v. Patrick, 119 U. S. 156, 7 Sup. Ct. 147; Bank v. Hunter, 129 U. S. 557, 9 Sup. Ct. 346.

This decree, like that in Hanrick v. Patrick, is certainly joint in form, but it is not, as that was, "severable in fact and in law." It adjudges matters between the two corporations which, if it were reversed on this appeal, would be set at large, and might become the subject of litigation between them. It determines, as between them, all the facts recited,—the execution and validity of the mortgage, the amount of the deficiency, the conveyance of the mortgaged property by one company to the other, the assumption of the mortgage debt by the grantee, and, by necessary implication, the validity of the deed and of the contract of assumption. The appeal is therefore dismissed.