McNULTA v. WEST CHICAGO PARK COM'RS.

(Circuit Court of Appeals, Seventh Circuit. January 23, 1900.)

No. 580.

APPEAL—NECESSITY OF CITATION—ALLOWANCE IN OPEN COURT—SEVERANCE.

When an appeal is allowed in open court at the term when the decree was rendered, no citation is necessary, and an appeal so taken brings into the appellate court all of the parties whose presence is necessary to a determination of the rights of the appellant.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

On motion to dismiss the appeal.

Thomas A. Moran and John P. Wilson, for appellant.

Francis A. Riddle, Edward O. Brown, and John S. Miller, for appellee.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

WOODS, Circuit Judge. This suit was brought by the West Chicago Park Commissioners against the National Bank of Illinois at Chicago and John McNulta, as receiver of that bank, to recover a sum of money for which the bank was alleged to be accountable. By the decree rendered it was adjudged that the complainant recover of the bank a sum stated, and that the receiver pay to the complainant such ratable and proportionate share of that sum as necessary to put the complainant on an equality with other creditors of the bank. The decree was entered on January 10, 1899, and on the next day, at the same term of the court, the receiver filed in the clerk's office his petition for an appeal and an assignment of errors, and on the same day an order of court was entered that the appeal be allowed without bond. The appeal was perfected by the filing of a transcript of the record with the clerk of this court on the 15th of March ensuing. It is well settled that a citation is not necessary when an appeal is allowed in open court at the same term when the decree was rendered, and is afterwards duly perfected. Brockett v. Brockett, 2 How. 238, 11 L. Ed. 251; Milner v. Meek, 95 U. S. 252, 24 L. Ed. 444; Dodge v. Knowles, 114 U. S. 430, 5 Sup. Ct. 1108, 1197, 29 L. Ed. 144; Hewitt v. Filbert, 116 U. S. 142, 6 Sup. Ct. 319, 29 L. Ed. 581; Brown v. McConnell, 124 U. S. 489, 8 Sup. Ct. 559, 31 L. Ed. 495; Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127; Central Trust Co. v. Continental Trust Co. of City of New York, 58 U. S. App. 604, 30 C. C. A. 235, 86 Fed. 517. The underlying principle is, as stated in Brown v. McConnell, that the parties are constructively in court during the term, and charged with notice of all that is done in the case affecting their interests. In Milner v. Meek an appeal was taken in open court by one of a number of parties similarly affected by the decree, and, in disposing of a motion to dismiss, the court said, "Milner alone has appealed, but his appeal brings up so much of the case and such of the parties as are necessary to a determination of his rights." By the same rule the bank in this case, if its presence is essential to a determination of the receiver's rights, is a party to the appeal, and is entitled to be heard in vindication of its interests, whether identical with or hostile to those of the receiver. Whether the bank is a necessary party to the appeal we do not consider. If so, then it is a party, unless its silence when the appeal was granted amounted to a refusal to join in the appeal, and was equivalent to a formal severance. The more reasonable view, perhaps, is that, being constructively present, and not objecting, the bank should be deemed to have assented to the appeal of the receiver. It is enough, now, however, to say that on either view the jurisdiction of this court is complete, and the motion to dismiss must be overruled.