In re STEUER.

(District Court, D. Massachusetts. November 24, 1900.)

No. 974.

1. BANKRUPTCY—SUIT TO RECOVER PREFERENCE—JURISDICTION BY CONSENT.

A district court may entertain a suit by a trustee to recover a preference by consent of the defendant, as provided in Bankr. Act 1898, § 23b; and where the defendant has appeared, given security to avoid an injunction, and contested the question on its merits, without objection to the jurisdiction, such action amounts to a consent, within the meaning of the statute.

2. SAME—FORM OF PROCEEDING—WAIVER OF OBJECTIONS.

While a district court is without jurisdiction as a court of bankruptcy and in the bankruptcy proceedings to set aside a preference, if seasonable objection is made, even though the defendant consents to the general jurisdiction of the court, but must, if he insists, proceed by plenary suit, yet where the trustee has filed a petition therefor, entitled in the bankruptcy proceedings, but which contains the essential features of a bill in equity, under which the defendant has been given as full opportunity to protect his rights as in a plenary suit, and he has appeared and contested the case before the referee without making any objection, either to the jurisdiction or to the form of proceeding, he cannot make such objection on a petition for review.

3. SAME.

Nor is it a fatal objection that such petition was filed before the referee in bankruptcy, and heard and determined by him in the first instance, but the judge on a petition for review of his proceedings has power to enter a decree which will be binding on the parties.

In Bankruptcy. On petition to review action of referee.

Arthur S. Davis, one of the trustees, for himself and other trustees. Philip Tworoger, for bankrupt.

LOWELL, District Judge. In this case a petition was filed April 20, 1899, by the trustees against the bankrupt, his wife, and the firm of Pangbourn & Wilson, asking that they be enjoined from disposing of certain brick alleged to have been transferred by the bankrupt to Pangbourn & Wilson by way of preference voidable under the bankrupt act. The petition was filed with the referee, and thereupon the following proceedings were had: Besides the petition above mentioned, another petition was filed on the same date, praying that Pangbourn & Wilson and the bankrupt's wife might be made parties to the bankruptcy proceedings. This was allowed on the same date. Pursuant to the petition, an injunction was issued on the same date, with subpœnas to the several parties directing them to appear before the referee on May 8th. It is stated, and apparently is not contested, that service upon these subpœnas was waived. On June 7th an agreement was made be-

tween the trustees and counsel for the respondents that the injunction should be dissolved, "cash security having been given for the value of the brick mentioned in said injunction; the petition to proceed to a hearing upon the merits." Evidence was taken, and one or more hearings were had before the referee, at which counsel for the respondents argued their case without making any question of the referee's jurisdiction. On January 12, 1900, the referee rendered a decree declaring that the transfer of the brick was a voidable preference, "and that the trustees recover said property, or any cash security deposited upon the dissolution of the injunction, from the respondents Pangbourn & Wilson, as a part of said estate; and that the said respondents deliver the same to the trustee." The respondents thereupon seasonably filed a petition for review, alleging that "a decision was rendered in the said matter in favor of the petitioners; that the said decision is erroneous; wherefore they pray that the said matter may be certified for review to the district court, and that a summary of the evidence in the said case may be submitted to the said court." The parts of the referee's certificate material to the question of jurisdiction are as follows:

"I, James M. Olmstead, one of the referees of said court in bankruptcy, do hereby certify that in the course of the proceedings in said cause before me the following question arose pertinent to the said proceedings, to wit: This was a petition under section 60b of the bankruptcy act, to recover seventy-five thousand building bricks transferred by the bankrupt to the respondents William E. Pangbourn and William W. Wilson by bill of sale dated March 3, 1899. The petition in bankruptcy was filed on the 28th day of March, 1899, and this intervening petition was filed on the 20th day of April, 1899. That a petition is the proper form of proceeding under which to recover a preference or fraudulent conveyance, where the respondents are creditors, and hence before the court as parties, is held in the cases of [citing cases]." The facts of the case are then set forth at some length. "I accordingly entered a decree that the prayer of the petition should be granted, that the bricks be declared a preference, and that the trustees recover the cash security which was deposited upon the dissolution of the injunction. And the said question is certified to the judge for his opinion thereon."

At the hearing before me the question of the referee's jurisdiction to make the order above stated was raised and discussed. The defendants object to the jurisdiction of the court on three grounds:

1. Because this court has no jurisdiction over suits brought by a trustee in bankruptcy to set aside a preference made before the institution of proceedings in bankruptcy by the bankrupt to third parties. That this contention of the defendants is well founded is settled by Bardes v. Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, unless in the case at bar the defendants have consented to the jurisdiction. With the defendants' consent, this court has jurisdiction; without consent, it has none. No case has been referred to in which the court has considered what kind and amount of consent on the defendants' part will give jurisdiction; but in any reasonable view of the requirement, the acts of the defendants in this case amount to the consent required by section 23b of the bankrupt act, and upon this ground the defendants' first objection above stated must be overruled.

2. The defendants further object that this court has no jurisdiction to set aside a preference, even by the defendants' consent, unless the proceedings are by way of plenary suit. In Bardes v. Bank, above cited, it was said at page 532, 178 U. S., page 1003, 20 Sup. Ct., and page 1180, 44 L. Ed.:

"It was also repeatedly held by this court that the right of an assignee in bankruptcy to assert a title in property transferred by the bankrupt before the bankruptcy to a third person, who now claimed it adversely to the assignee, could only be enforced by a plenary suit, at law or in equity, under the second section of the act of 1867; and not by summary proceedings under the first section thereof, notwithstanding the declaration in that section that the jurisdiction in bankruptcy should extend 'to the collection of all the assets of the bankrupt,' and 'to all acts, matters, and things to be done under and in virtue of the bankruptcy' until the close of the proceedings in bankruptcy. Smith v. Mason (1871) 14 Wall. 419, 20 L. Ed. 748; Marshall v. Knox (1872) 16 Wall. 551, 557, 21 L. Ed. 481; Eyster v. Gaff (1875) 91 U. S. 521, 525, 23 L. Ed. 403."

The above reaffirmance by the supreme court of the cases just cited must be held to overrule anything to the contrary found in certain decisions of that court later than Smith v. Mason and Marshall v. Knox, though considerably earlier than Bardes v. Bank. In Stickney v. Wilt, 23 Wall. 150, 23 L. Ed. 50, a petition in bankruptcy was brought to determine the rights of one claiming a lien on property of the bankrupt. Mr. Justice Clifford said:

"Rights of property were claimed in these lands by the appellee, and the suit in this case was commenced in the district court contesting that claim, which is plainly a subject-matter cognizable under that provision; nor is it any argument against that theory that the first pleading in the district court is, in form, a petition, as suits at law and in equity, in many jurisdictions, are commenced in that form of pleading. Beyond all doubt the petition contains every requisite of a good bill in equity, whether the pleading is tested by the statement of the cause of action, or by the charging part of the bill, or by the prayer for relief; and if it be suggested that it contains no prayer for process, the answer to the objection is a plain one, to wit, that three of the parties respondent appeared and waived the issuing and service of process, and that the appellee voluntarily appeared and filed an answer." 23 Wall. 159, 23 L. Ed. 53.

The proceedings on the petition were, therefore, held to be a case in equity within sections 2 and 8 of the bankrupt act of 1867.

In Milner v. Meek, 95 U. S. 252, 256, 24 L. Ed. 446, it was said:

"The validity of the first objection to this appeal depends upon whether the proceeding in the district court is to be treated as a suit in equity or as part of the suit in bankruptcy. If the former, the appeal lies; but if the latter, it does not. The pleading filed by the assignee was appropriate in form for a petition in the bankrupt suit, but it was equally good in substance as a bill in equity. It contained a complete statement of a cause of action cognizable in equity, and a sufficient prayer for relief. There was no formal prayer for a subpœna, but process was issued and served. All the parties interested appeared, and presented their respective claims by answers, or answers and cross petitions, with appropriate prayers for relief. In Stickney v. Wilt, 23 Wall. 150, 23 L. Ed. 50, the petition was in all its essential features like the one in this case. It was filed by an assignee in bankruptcy against lien creditors, entitled as of the bankrupt suit, and addressed to the district judge. Like that in the present case, it contained no formal prayer for subpœna; but there was a prayer for relief, much like the one here."

See, also, White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67, for a statement of the relation borne by ancillary proceedings after bankruptcy or a receivership to "original bills."

So far as the decision in Bardes v. Bank is irreconcilable with that rendered in the cases last cited, the former must prevail. In interpreting the utterances of a superior court, however, an inferior court should not, I conceive, treat as overruled any decision not explicitly considered by the superior court, if it be possible to reconcile the earlier and later decisions. Bardes v. Bank must be taken to decide that a trustee cannot, by petition in bankruptcy, recover from a third party property alleged to belong to the bankrupt's estate, if objection is seasonably taken to the form of the proceedings. Even with the defendants' consent to the general jurisdiction of the court, the court must, if the defendant insists, proceed by plenary suit. But Stickney v. Wilt, Milner v. Meek, and perhaps White v. Ewing must still be taken to authorize a proceeding by way of petition where (1) the court has jurisdiction to proceed by way of plenary suit, (2) where no seasonable objection is taken to the form of procedure, and (3) where, under the form of a petition in bankruptcy, the rights of the respondent are secured as substantially as in a plenary suit. In the case at bar no objection was made to the form of proceeding until the argument before the district court, and, inasmuch as this court has, through the defendants' submission thereto, jurisdiction by way of plenary suit of the proceedings in question, the objection to the form of proceeding has come too late.

It remains to consider if, under the form of a petition in bankruptcy, the defendants' rights have been protected as substantially as if the suit had been plenary. In order that proceedings to recover property may be validly commenced by petition in bankruptcy, the petition must, as was suggested in Milner v. Meek, 95 U. S. 252, 257, 24 L. Ed. 444, contain a complete statement of the cause of action, and a sufficient prayer for relief. Upon such a petition process must be issued, and the parties must be given full opportunity to present evidence and arguments in their own behalf. In other words, though the formal requisites of a bill in equity may be wanting, yet the substantial requisites of equitable justice must be complied with as fully in a petition in bankruptcy as in a bill in equity. An injunction should not issue ex parte, unless in case of necessity. An order to show cause should precede the issuance unless the petitioner shows that delay will work irreparable injury. In this case it appears that all substantial requirements were met. Originally, it is true, an injunction was issued ex parte, but that may have been done because the referee deemed that irreparable injury would be wrought by delay. In any event, that preliminary injunction is not now in question. All parties were given full opportunity to introduce evidence and present arguments, and they seem to have availed themselves of the opportunity. One defect in the petition is so serious that it must be cured before the decree is issued, and amendment may be made at this stage, as the parties have gone into the merits of the case without objection. The petition, as it now stands, contains no prayer for a delivery of the goods, but only for an injunction. If the petitioning trustees now duly amend the prayer of their petition, the papers, even if slightly informal in some re-

spects, seem to be sufficient. The second objection of the defendants is, therefore, overruled.

3. The defendants further object to the jurisdiction that, even if the judge of the district court have jurisdiction of proceedings like those instituted in this case, yet such jurisdiction is limited to the judge alone, and is not shared by the referee. There are considerations of convenience which make for holding that the referee, where his authority is not objected to, has jurisdiction of proceedings like these, subject to review by the judge. The court of bankruptcy will thus be brought nearer to the residence of suitors, as there is a referee in every county. Again, general order 12, subd. 3 (32 C. C. A. xvi., 89 Fed. vii.), states:

"Applications for a discharge, or for the approval of a composition, or for an injunction to stay proceedings of a court or officer of the United States or of a state, shall be heard and decided by the judge."

By this last provision it is strongly implied that the referee has some jurisdiction to issue injunctions directed to any party not an officer of the United States or of a state, unless the injunction stays the proceedings of the court. I do not regard it necessary, however, to decide specifically the question just stated. Where a petition like that in the case at bar is filed before a referee, and the parties waive service upon subpœnas issued by his order, recognize his injunction by agreeing that it shall be dissolved on certain terms, and go to a hearing before him, at which evidence is taken and arguments are made, I do not think the judge is so far without jurisdiction that, upon a petition for review of the referee's decision, he cannot make a decree binding upon the parties. It is pertinent to inquire what would be the practical result if original jurisdiction in proceedings like these were held to reside in the judge alone. The judge, being too heavily burdened to hear the evidence, would refer the petition to the referee under general order 12, subd. 3, or by the analogy of that order. The referee would hear the evidence, and report it to the judge, with his conclusions thereupon. Such a proceeding, while quite different in form from that to be followed if the referee has original jurisdiction, yet does not greatly differ from the latter proceeding in practical result. For these reasons, though with great doubt, and with sincere regret that the subject has not been clearly and definitely dealt with under the existing act, either by the supreme court or by some circuit court of appeals, I am led to conclude that, upon the proceedings as they stand, the district court has jurisdiction to make the decree called for by the amended petition. Upon the facts I am disposed to agree with the referee, who heard the witnesses. If the amendment above suggested is made, there will be a decree in favor of the petitioners, which will issue as if made originally by the judge, and not simply as an affirmance of the decree of the referee.