KIDDER et al. v. FIDELITY INS., TRUST & SAFE-DEPOSIT CO. et al.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1901.)

No. 589.

**1. APPEAL—NECESSARY PARTIES.**

Where one of several interveners appeals from a decree in equity after the term in which the decree was rendered, and cites only the complainant and the receiver of one of several defendants, the appeal will be dismissed, as it was necessary to include in the appeal and serve with notice all parties of record whose interests are directly involved in the appeal.

**2. SAME—INCONVENIENCE OF NOTICE.**

That it would be an intolerable burden in some instances to give notice of appeal to all parties of record interested does not affect the rule, since the burden may be avoided by an appeal taken in open court at the term when the decree was rendered, which is effective without such notice.

**3. SAME.**

Where an appeal from a decree in equity fails for lack of notice to all parties interested, no notice which the court might order after the time for appeal had gone by could be effective to bring the absent parties within its jurisdiction.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

The motion to dismiss this appeal for the lack of necessary parties was argued at the May session of the court in 1899, and since that time has been under advisement. The material facts are these: On August 19, 1898, a decree of foreclosure and sale was entered in the case of the Fidelity Insurance, Trust & Safe-Deposit Company against the Litchfield, Carrollton & Western Railroad Company, the Litchfield, Carrollton & Western Railway Company, and the Mercantile Trust Company of New York, wherein it was ordered that the proceeds of the sale be applied first to the payment of the costs of the cause, including allowances to be made by the court to the parties and their solicitors and counsel and to the receiver, his solicitor and counsel, and the balance first to the payment of all indebtedness of the receiver, including receiver's certificates and all claims allowed priority to the mortgages, and the remainder, if any, to the discharge of the mortgage indebtedness. On November 8th ensuing an order was entered making specific allowances to the parties, to the receiver, and to their respective solicitors and counsel, each by name; and on November 14th an amended decree of foreclosure was entered, but without change affecting the present inquiry, the order for the distribution of the proceeds of the sale remaining substantially the same as in the first decree. The sale was made on November 26, 1898, and of the proceeds, amounting to $85,000, which on confirmation of the sale had been paid into the registry of the court, the clerk paid the allowances mentioned and other preferred claims to an amount which left a balance of $29,442.93 in the registry. In pursuance of an order of January 31, 1899, the master, on the ensuing February 9th, reported a classification of the debts declared entitled to preference by the decrees of foreclosure. Two days thereafter the appellants, Kidder and Wiggins, as holders of receiver's certificates to the amount of $24,000, filed an intervening petition, which was referred to the master, who reported thereon to the effect that the certificates issued for money advanced to the receiver should have preference to the mortgages, equally with other debts of the receiver, but that certificates issued for indebtedness incurred before the receivership, while entitled to preference over the mortgages, should be postponed to the receiver's indebtedness. Other intervening petitions were filed by the T. J. Moss Tie Company, the Frost-Trigg Lumber Company, the Detroit Bridge & Iron Works, and the Jacksonville & St. Louis Railway Company, and on March 14, 1899, an order was made, wherein, after reciting the payments made under previous orders, it was directed that the sum of $29,442.93 remaining in the registry be paid pro rata and without distinction upon the claims reported by the master to be entitled to preference over the mortgage indebtedness. The names of the holders and the respective amounts of their claims, aggregating $105,887.70, were set out in the order, except that to the amount of $14,164.73 the nature of the claims is stated, but the names of the owners not given. On April 3, 1899, the appellants and the other interveners named above severally prayed and were granted "leave to file exceptions to the decree of distribution heretofore entered in this cause on the 14th day of March, A. D. 1899, as of that date, nunc pro tunc," and thereupon the appellants (and each of the other interveners named, separately) filed exceptions to that decree or order; and afterwards on the same day the appellants filed a petition for an appeal from the decree of November 14, 1898, and therewith filed an assignment of errors, the specifications of which are all directed to provisions of that decree. The citation was directed to and served upon the Fidelity Insurance, Trust & Safe-Deposit Company and Joseph Dickson, receiver of the Litchfield, Carrollton & Western Railroad Company, and there seems to have been no intention to include other parties. The motion to dismiss was made by the Fidelity Insurance, Trust & Safe-Deposit

Company, and, excepting that company and the appellants, there has been no appearance in this court by or for any person, company, or corporation. The ground of the motion to dismiss is that the other interveners decreed to be entitled to payment in preference to the mortgage indebtedness, the purchaser at the sale, the railroad company, the railway company, the mortgagors and the mortgagee, the Mercantile Trust Company, as a subsequent incumbrancer, and Alexander H. Bell, the priority of whose allowance of $10,000 as special counsel for the complainant the appellants challenge, are interested in the appeal, and should have been made parties thereto.

W. L. Patton, for appellants.

Samuel P. Wheeler and Bluford Wilson, for appellees.

Before BROWN, Circuit Justice, and WOODS and JENKINS, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

The general proposition is familiar that on a writ of error to a judgment at law or on appeal from a decree in equity all the parties against whom the judgment or decree was jointly rendered must join in the writ of error or appeal, unless good reason for the nonjoinder be shown. Williams v. Bank, 11 Wheat. 414, 6 L. Ed. 508; Owings v. Kincannon, 7 Pet. 399, 8 L. Ed. 727; Wilson's Heirs v. Life & Fire Ins. Co., 12 Pet. 140, 9 L. Ed. 1032; Todd v. Daniel, 16 Pet. 521, 10 L. Ed. 1054; Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953; Simpson v. Greeley, 20 Wall. 152, 22 L. Ed. 338; Feibleman v. Packard, 108 U. S. 14, 1 Sup. Ct. 138, 27 L. Ed. 984; Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39, 36 L. Ed. 933; Inglehart v. Stansbury, 151 U. S. 68, 14 Sup. Ct. 237, 38 L. Ed. 716; Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 693, 38 L. Ed. 563; Hamrick v. Patrick, 119 U. S. 156, 7 Sup. Ct. 147, 30 L. Ed. 396; Estis v. Trabue, 128 U. S. 225, 9 Sup. Ct. 58, 32 L. Ed. 437; Mason v. U. S., 136 U. S. 561, 10 Sup. Ct. 1062, 34 L. Ed. 545; Sipperly v. Smith, 155 U. S. 86, 15 Sup. Ct. 15, 39 L. Ed. 79; Elevator Co. v. Nichols, 34 C. C. A. 90, 91 Fed. 832; Hook v. Trust Co., 36 C. C. A. 645, 95 Fed. 41. The question here, however, though in the main so presented, is not one of joinder in the appeal, or of notice and severance for failure or refusal to join therein. As joint intervening petitioners the appellants had a right, without joining others as appellants, to appeal from any final decree against them. The true objection is that they have not joined as appellees the other interveners and parties whose rights are so involved as to be affected by the result of the appeal. In its essential features the case is like that of Gray v. Havemeyer, 10 U. S. App. 456, 3 C. C. A. 497, 53 Fed. 174, decided in the Sixth circuit. In Milner v. Meek, 95 U. S. 252, 24 L. Ed. 444, the decree determined the amount and priority of the respective liens upon the estate of a bankrupt. One of the lienholders appealed, and there was a motion to dismiss because the other lien creditors who were parties to the proceedings below were not parties to the appeal. In response to that objection the supreme court said:

"It is sufficient to say that the appeal was allowed in open court during the term at which the decree was rendered. No citation was, therefore, neces-

sary. Brockett v. Brockett, 2 How. 241, 11 L. Ed. 786. Milner alone appealed, but his appeal brings up so much of the case and such of the parties as are necessary for the determination of his rights."

Accordingly this court has held that an appeal taken in open court at the term when the decree was rendered brings within its jurisdiction all of the parties whose presence is necessary to a determination of the rights of the appellant. McNulta v. Commissioners, 39 C. C. A. 545, 99 Fed. 328. If, therefore, these appellants had appealed from the decree of March 14, 1899, to which they obtained leave to file exceptions, instead of appealing from the decree of November, it would have been an appeal in term, of which, without citation, all the other interveners and the original parties to the suit for foreclosure would have been bound to take notice. In respect to the distribution of the fund then remaining in the registry the decree of March alone was final, and the appeal should have been therefrom. In respect to the foreclosure and sale the decree of November was, of course, final; but, in so far as it defined the basis or rule for the distribution of the fund to be realized between creditors whose claims had not been presented and proved, it was necessarily and could reasonably have been understood to be only preliminary and advisory. The appellants chose, however, to appeal from that decree, acting presumably upon the theory that the declaration of priorities there made was conclusive, not only upon those to whom prior allowances had been made and paid, but upon subsequent interveners whose rights were determined by the decree of March. That theory can hardly be true; but, if it be assumed to be true, then, the decree appealed from having been rendered at a term of court which had passed, it was clearly necessary to include in the appeal and to serve with notice all parties of record whose interests or rights were directly involved. The receiver was made a party, but he did not appear, and, if he had appeared, plainly it would not have been his duty or right to undertake to represent the conflicting claims of the intervening creditors as between themselves. Bosworth v. Association, 174 U. S. 182, 19 Sup. Ct. 625, 43 L. Ed. 941. The mortgagor railroad company and its successor, the railway company, were not necessary parties, since they had practically become extinct by the foreclosure and sale, and had no interest in the proceeds. Mercantile Trust Co. v. Adams Exp. Co., 16 U. S. App. 37, 7 C. C. A. 3, 58 Fed. 6. The purchaser took free from all incumbrances, and, of course, is not concerned in the appeal; and the receiver himself, without a personal interest to protect, is not a necessary party. Edgell v. Felder, 39 C. C. A. 540, 99 Fed. 324; Railway Co. v. Jackson, 37 C. C. A. 165, 95 Fed. 560. It seems equally clear that no assignment of error upon the decree appealed from could reach or directly affect the allowance ordered and paid to Bell before that decree was entered; but, if it be assumed that it could, then it was certainly necessary to make him a party to the appeal. The order making and directing the immediate payment of that allowance was in itself a final decree for the purpose of appeal, and therefore not challengeable indirectly by an appeal from another decree.

The inconvenience of requiring notice of an appeal by one intervener to all others has been suggested. There may be many hundreds of them, and, if notice must be given to every one, the burden, it is urged, would be intolerable, and practically would put a stop to appeals by interveners. It is deemed a sufficient answer that, as decided in Milner v. Meek, supra, an effective appeal may be taken at the term at which a decree is entered without a citation or other form of notice; and, even when taken after the term, if the parties interested are very numerous, notice to a few of each class, who should appear in good faith in defense of the interests of that class, would be deemed sufficient. That is the known practice in the circuit court (McArthur v. Scott, 113 U. S. 340, 5 Sup. Ct. 652, 28 L. Ed. 1015; Bank v. Taylor, 4 C. C. A. 55, 53 Fed. 854, 9 U. S. App. 406), and, since an appeal from a decree in such a case must necessarily be prosecuted upon that theory, no good reason is perceived against a like course when the parties actually present in the circuit court are too numerous to be joined in the appeal. The time for appeal having gone by, no notice which this court might now order could be effective to bring the absent parties within its jurisdiction. Any attempt at such a departure from the known methods of procedure would introduce into the practice an uncertainty and confusion the consequences of which could not be foreseen. The motion to dismiss is sustained.