LOVELESS v. RANSOM et al.

(Circuit Court of Appeals, Seventh Circuit. January 19, 1901.)

No. 639.

1. APPEAL—JOINT DEFENDANTS—NECESSITY OF SUMMONS AND SEVERANCE.
   Where the judgment or decree is joint, all the parties against whom it is rendered must join in the writ of error or appeal, unless there be summons and severance, or the equivalent.

2. SAME—TIME OF MAKING OBJECTIONS.
   This matter is jurisdictional, and objection may be made at any time before final disposition of the appeal.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

This is an action of debt on a bond conditioned for the performance of the covenants of a lease, which bond was executed by Carlton H. Gary and Braman H. Loveless as principals, and Noah E. Gary and Braman Loveless as sureties. Noah E. Gary having departed this life, the suit upon the bond is against the two principals, the surety, Braman Loveless, and Caroline H. Gary, Ella Ethel C. Gary, Anna Louise Gary, Dora Bernice Gary, and Ava Grace Gary, respectively the widow and heirs at law of Noah E. Gary. The two defendants Loveless pleaded to the declaration. The other defendants defaulted. The trial resulted in a judgment March 4, 1899, against all the defendants to the action. The judgment concludes with this clause: "Bond on writ of error is fixed at the sum of $4,500. Bill of exceptions to be filed in sixty days." The bill of exceptions, signed May 15, 1899, concludes as follows: "To which decision of the court [referring to the judgment] defendants then and there excepted, and said Braman Loveless prayed an appeal, and prays that this, his bill of exceptions, may be signed and made a part of the record in this cause, which is done accordingly." Prior thereto, and on March 16, 1899, Braman Loveless filed in the clerk's office a bond, with sureties, reciting, among other things, that, he "being about to obtain a writ of error," the bond was conditioned "that if the said Braman Loveless shall prosecute his appeal to effect, and answer all damages and costs if he fails to make his plea good, the above obligation to be void; else to remain in full force and virtue." The record does not show this bond to have been approved by the court, except as it was approved by a subsequent order of September 2, 1899, allowing a writ of error. At a subsequent term of the court, on September 2, 1899, Braman Loveless filed his petition for a writ of error, with an assign-

ment of errors, and the court on that day allowed the writ; the order reciting, "Said defendant having given bond according to law in the sum of forty-five hundred dollars, which said bond is to operate as a supersedeas." A citation was thereupon on that day issued, returnable within 30 days from its date, and was served September 30th following. The record was filed in this court October 25, 1899. On January 16, 1900, the defendants in error filed their brief upon the merits of the appeal, and on January 19, 1900, filed their motion to dismiss the writ of error upon the ground that no summons and severance had been had, and that this court had not jurisdiction of a writ of error sued out by one of the defendants to the judgment.

Charles Larimore and J. W. Cochran, for plaintiff in error.

Lockwood Honore, for defendants in error.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

JENKINS, Circuit Judge, after the foregoing statement of the case, delivered the opinion of the court.

The rule is firmly established that, where a judgment or decree is joint, all the parties against whom it is rendered must join in the writ of error or appeal, unless there be summons and severance, or the equivalent. Williams v. Bank, 11 Wheat. 414, 6 L. Ed. 508; Owings v. Kincannon, 7 Pet. 399, 8 L. Ed. 727; Wilson v. Insurance Co., 12 Pet. 140, 9 L. Ed. 1032; Smyth v. Strader, 12 How. 327, 13 L. Ed. 1008; Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953; The Protector, 11 Wall. 82, 20 L. Ed. 47; Hampton v. Rouse, 13 Wall. 187, 20 L. Ed. 593; Simpson v. Greeley, 20 Wall. 152, 22 L. Ed. 338; Feibelman v. Packard, 108 U. S. 14, 1 Sup. Ct. 138, 27 L. Ed. 634; Estis v. Trabue, 128 U. S. 225, 9 Sup. Ct. 58, 32 L. Ed. 437; Downing v. McCartney, 131 U. S. xcviii., 19 L. Ed. 757; Mason v. U. S., 136 U. S. 581, 10 Sup. Ct. 1062, 34 L. Ed. 345; Dolan v. Jennings, 139 U. S. 385, 11 Sup. Ct. 584, 35 L. Ed. 217; Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39, 36 L. Ed. 933; Ingelhart v. Stansbury, 151 U. S. 68, 14 Sup. Ct. 237, 38 L. Ed. 76; Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 693, 38 L. Ed. 563; Sipperly v. Smith, 155 U. S. 86, 15 Sup. Ct. 15, 39 L. Ed. 79; Railway Co. v. Evans, 175 U. S. 723, 20 Sup. Ct. 1023, 44 L. Ed. 337; Fordyce v. Trigg, 175 U. S. 723, 20 Sup. Ct. 1024, 44 L. Ed. 337.

The supreme court has declared that the matter is jurisdictional, and may be raised at any time before final disposition of the appeal; and we have, in conformity with that ruling, so held in this court. Hook v. Trust Co., 36 C. C. A. 645, 95 Fed. 41; Kidder v. Safe-Deposit Co. (C. C. A.) 105 Fed. 821. An appeal or writ of error by one of several defendants in a joint judgment allowed at the term at which the judgment was rendered can be sustained upon the ground that during the term all the parties thereto are to be deemed present in court, and that the allowance of the appeal or writ of error by the court is equivalent to summons and severance. McNulty v. Commissioners, 39 C. C. A. 545, 99 Fed. 328. This case, however, does not fall within that ruling. The prayer for an appeal is in no proper sense a part of the bill of exceptions. The office of that paper is to place upon record things occurring at or before judgment which would not otherwise be a part of the record.

The bill here mentions a prayer for an appeal instead of a prayer for a writ of error, and in that respect is manifestly inaccurate. No assignment of errors was then filed, and, if the statement in the bill may be held to indicate an attempt to sue out a writ of error, it was abandoned; for at*a subsequent term plaintiff in error presented his petition for a writ of error, with a proper assignment of errors, which was then allowed, and the bond previously filed, by a liberal construction of the order, may be deemed to have been approved. It cannot be said that any writ of error was allowed or sued out during the term at which the judgment was rendered, and, as the judgment was joint against all the defendants, the writ of error should have been on behalf of all, or there should have been summons and severance. The object of the rule is that the appellate court shall not be twice vexed with the same case and the same question, when one appeal or writ of error will suffice. It is said, however, that at most the failure to join the joint judgment debtors in the writ of error or to obtain summons and severance is an irregularity only, and may be waived, and is waived by the filing of briefs to the merits; that the case is like that of a suit against but one of two or more joint debtors, in which case the objection to the defect of parties should be taken by plea in abatement, or the defect is waived. This contention is not without merit, and is not without much force, and seems to be sustained by several decisions in the state courts. We are, however, concluded upon this question by the decision of the supreme court of the United States, which holds the question to be jurisdictional, and that "where there is a substantial defect in a writ of error, which this court cannot amend, it has no jurisdiction to try the case." Wilson v. Insurance Co., supra. The writ of error is dismissed.