## In re MICHIGAN–LAKE BLDG. CORPORATION.

### GROSSMAN v. MICHIGAN–LAKE BLDG. CORPORATION et al.

#### No. 5845.

Circuit Court of Appeals, Seventh Circuit.

Nov. 5, 1936.

Sid Mogul and H. J. Rosenberg, both of Chicago, Ill., for appellant.

Willard L. King, of Chicago, Ill., for appellees.

Before SPARKS, Circuit Judge; and LINDLEY and BRIGGLE, District Judges.

SPARKS, Circuit Judge.

This appeal challenges the correctness of a ruling of the District Court denying a petition to vacate an order entered eleven months earlier, reducing the amount of compensation allowed to the attorney for the receiver of premises involved first in foreclosure proceedings in a state court and later in reorganization proceedings under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). The latter were instituted on August 14, 1934, and the receiver previously appointed in the state court foreclosure proceeding was named trustee and ordered to continue in possession of the premises. On April 2, 1935, he filed his petition in the reorganization proceedings for leave to pay the fees and expenses allowed by order of the state court on March 27, 1935, in accordance with his final account to that court. This state court order included an allowance of $3,500 to appellant as attorney for the receiver in the foreclosure proceeding. On April 10, 1935, the District Court entered its order as to the compensation, allowing only $3,000 to appellant. No appeal was taken by appellant from this order. A plan of reorganization was agreed upon which contemplated the organization of a new corporation, the 180 N. Michigan Company, which was duly incorporated and entered its appearance in the proceedings on December 31, 1935. On February 11, 1936, a final decree was entered, ordering the trustee to deliver to the 180 N. Michigan Company all assets of the debtor remaining in his possession, with the exception of $500 which he was instructed to turn over to the clerk of the District Court to await the determination of a petition filed by appellant on the day previous, February 10. The trustee was thereupon discharged.

Appellant's petition of February 10, 1936, filed by leave of court, prayed the vacating of the order of April 10, 1935, wherein the court reduced his allowance from the $3,500, allowed him by the state court, to $3,000, and that the trustee be directed to pay him the additional sum of $500. The matter was set for hearing on March 13, on which date the court denied the petition and ordered the clerk to turn over to the 180 N. Michigan Company the $500 previously deposited with him by the trustee. Permission to appeal was granted by this court. The parties cited as appellees were the old debtor corporation, the trustee appointed in the reorganization proceedings, and the trustee under the trust deed sought to be foreclosed in the state court proceeding.

Appellees have moved to dismiss the appeal on the ground that the issue has become moot. In support of this motion they show that relief was sought by appellant against only one of them, namely, the reorganization trustee. They also show by verified motion that the $500 has already been paid by the clerk to the new corporation in accordance with the order of March 13. This new corporation was not made a party to the appeal, and apparently no attempt was made to obtain supersedeas. Under these facts we think appellees' motion to dismiss must be granted. Even if, upon study of the questions here involved, we determined that the court was in error in reducing the amount allowed by the state court to appellant, and that its order could be reviewed upon petition to vacate filed ten months later, we would have no means to grant him relief from the parties before us on this appeal. The trustee against whom relief was prayed in the petition of February 10, was discharged by the order of February 11, having deposited with the clerk the $500 to cover appellant's claim, pending the disposition by the court of his petition.

Appellant argues that counsel for the appellees named in this appeal was a member of the firm which entered its appearance in behalf of the 180 N. Michigan

Company, hence that corporation had sufficient notice of the pendency of the appeal. We do not understand that parties may be brought into proceedings and be bound by decrees entered therein in such informal fashion. Since the 180 N. Michigan Company was in possession of the $500 fund and it alone could be called upon to pay the fund to appellant in the event that this court decided that he was entitled to it, it was an indispensable party to the appeal. By the order of March 13, it was held to be entitled to the fund, as against appellant. No steps could be taken regarding the fund thereafter without affecting its interests, hence none could be taken without its being a party. Cf. Kidder et al. v. Fidelity Ins. Co. (C.C.A.) 105 F. 821.

The motion to dismiss the appeal is sustained, and the appeal dismissed.