In re ROUSE, HAZARD & CO.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1899.)

No. 556.

1. BANKRUPTCY — REVISORY AND APPELLATE JURISDICTION OF CIRCUIT COURT OF APPEALS.

Under Bankruptcy Act 1898, § 24b, which confers on the circuit courts of appeals "jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy," the decision of a district court on the question whether a particular claim is entitled to priority of payment out of the estate of a bankrupt, the validity of the claim not being denied, may be reviewed by the proper circuit court of appeals on original petition, although the claim does not amount to $500. Such a case is not governed by section 25 of the act, granting an appeal "from a judgment allowing or rejecting a debt or claim of $500 or over," which contemplates an appeal from an adjudication upon the merits of a claim and a review by the appellate court of the facts as well as the law.

2. SAME—PRIORITY—WAGES OF LABOR.

Bankruptcy Act 1898, § 64b, cl. 4, giving priority of payment out of bankrupt estates to "wages due to workmen, clerks, or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed $300 to each claimant," is not enlarged by the following clause, which accords priority of payment to "debts owing to any person who by the laws of the states or the United States is entitled to priority," but the latter clause is to be construed as applying to debts other than those specified in the preceding clauses. Consequently, wages of laborers earned more than three months before the commencement of proceedings are not entitled to priority, although the laws of the particular state may grant priority to such claims without any limitation as to the time of their accrual.

3. INTERPRETATION OF STATUTES.

Specific provisions as to a particular subject in a statute are neither abridged nor enlarged by subsequent general provisions in the same statute which are broad enough to apply to the same subject.

Original petition to review and revise an order of the district court of the United States for the Northern district of Illinois, sitting in bankruptcy.

James M. Flower, for petitioner.

W. T. Irwin, for respondent.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

JENKINS, Circuit Judge, delivered the opinion of the court.

Subdivision b of section 24 of the act of the congress of the United States entitled "An act to establish a uniform system of bankruptcy throughout the United States," approved July 1, 1898, being chapter 541 of the statutes passed at the second session of the fifty-fifth congress, provides that:

"The several circuit courts of appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any aggrieved party."

Under this provision certain creditors of the bankrupt petitioned the court to review and revise an order of the district court of the United States for the Northern district of Illinois, sitting in bankruptcy, made on the 11th day of November, 1898. From the petition and order it appears that on the 1st day of November, 1898, an involuntary petition was filed in the court below against Rouse, Hazard & Co., a corporation existing under the laws of the state of Illinois, and that on the 11th day of November, 1898, that corporation was adjudicated a bankrupt; that on the 5th day of November, 1898, a petition was filed in the court below by a large number of workmen, laborers, and servants of Rouse, Hazard & Co., asking for the payment of their labor claims accruing to them prior to the filing of the petition, and that such claims be awarded priority in payment out of the bankrupt's estate. Rouse, Hazard & Co., on the 31st day of August, 1898, suspended business, its property on that date being seized by the sheriff of Peoria county, Ill., under executions issued upon judgments rendered against the corporation in the courts of the state of Illinois, and such property remained in the possession of the sheriff until it was sold by him, and the proceeds, under order of the bankrupt court, turned over to the temporary receiver appointed under the bankruptcy proceedings. The labor claims in question accrued within three months prior to August 31, 1898, the date upon which the corporation bankrupt suspended business by reason of the levy of the executions; none of the services for which payment was sought being rendered after that date. Specific objections were filed by certain general creditors to the allowance of priority of payment of these claims, and upon the hearing in the bankruptcy court it was ordered that the claims for wages as shown by the receiver's report be approved as preferred claims, not exceeding by any one claimant the sum of $300, and that such claims should be paid out of the bankrupt's estate in preference and priority to the general creditors. It is this direction for the payment of labor claims in priority to the general creditors that is asked to be reviewed here as a question of law.

The bankrupt law (chapter 7, § 64b) provides that:

"The debts to have priority, except as herein provided, and to be paid in full out of the bankrupt's estate, and the order of payment shall be (4) wages

due to workmen, clerks or servants which have been earned within three months before the date of the commencement of proceedings, not to exceed $300 to each claimant. (5) Debts owing to any person, who by the laws of the states, or of the United States, is entitled to priority."

The laws of the state of Illinois with respect to voluntary assignments provides (Rev. St. Ill. 1898, p. 172, c. 10, § 6):

"That all claims for the wages of any laborer or servant, which have been earned within the term of three months next preceding the making of such assignment, and which have been filed within said term of three months after such assignment, and to which no exception has been made, or to which exception has been made and the same having been adjudicated and settled by the court, shall, after the payment of the costs, commissions and expenses of assignment, be preferred, and first paid to the exclusion of all other demands and claims."

By chapter 38a, p. 629, Rev. St. Ill. 1898, it is provided:

"That hereafter, when the business of any person, corporation, company or firm shall be suspended by the action of creditors, or be put into the hands of a receiver or trustee, then in all such cases the debts owing to laborers and servants which have accrued by reason of their labor or employment, shall be considered and treated as preferred claims, and such laborers or employés shall be preferred creditors, and shall be first paid in full, and if there shall not be sufficient to pay them in full the same shall be paid from the proceeds of the sale of the property seized."

It is preliminarily insisted by the labor claimants, the respondents here, that this court cannot entertain jurisdiction of the matter, for the reason that no claim allowed amounted to the sum of $500 or over, and that the petitioners, the general creditors, cannot accumulate several claims which shall aggregate over $500, and thereby confer jurisdiction upon this court. The latter proposition is doubtless true, but we think that the contention that this court is without jurisdiction is made in misapprehension of the statute. The bankrupt act (section 24) invests the circuit courts of appeals with appellate jurisdiction of controversies arising in bankruptcy proceedings, and section 25 provides that an appeal may be taken (3) from a judgment allowing or rejecting a debt or claim of $500 or over. Such an appeal is to be taken within 10 days after the judgment appealed from. It is further provided by section 24, subd. b, that the courts of appeal shall have jurisdiction in equity, "either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and by the party aggrieved." It will be seen that the statute contemplates two different proceedings, and for two different purposes. The one is a review of an adjudication touching the merits of a claim, which may rest upon a question of fact or a question of law. Such an adjudication can only be reviewed by appeal within 10 days from the adjudication, and will only lie where the claim adjudicated amounts to $500 or over. The appellate court reviews the facts as well as the law. In the other case the appellate court acts, not upon appeal, but by original petition of a complaining party, and is given authority to review and to revise, in matter of law only, the proceeding of the bankrupt court that is complained of. If the controversy coming before us was with respect to the merits of the several claims of these labor claimants, we should be wholly without jurisdiction, for

there is neither an appeal nor does the amount allowed to any one claimant exceed the sum of $500. But there is no controversy here with respect to the merits of the claims. The debts are conceded. The counsel for the labor claimants, the respondents here, distinctly states in his brief, "And no objection is raised in this court as to the validity or justness of any of such claims." The only question, then, sought to be raised by this petition is whether, conceding the justness of the claims, they are as a matter of law entitled to priority of payment over the general creditors of the bankrupt. That is a question which, we think, clearly falls within subdivision b of section 24, and can be determined by this court upon petition.

Coming, then, to the merits, it may be remarked by way of preface that the several provisions of the law of the state of Illinois with respect to the priority of payment to be allowed labor claims are not altogether consistent. In the case of voluntary assignments, the claim of the laborer which is preferred must have accrued within three months next preceding the making of the assignment. In the case of a suspension of business by action of creditors there is neither limit as to time nor as to amount. The reason of the distinction is not easy to understand. It is also to be observed that the bankrupt court whose order is here under review proceeded upon the theory that section 64b, cl. 4, applied as to the amount, but did not apply as to time. Singularly enough, priority of payment of claims was allowed upon the theory that the provision of section 64b, cl. 5, governed, and that, notwithstanding the previous provision, wherever the laws of a state granted priority with respect to payment of labor claims, those laws must be recognized and followed. Yet here the bankrupt court has allowed priority with respect to these claims without regard to limitation of time, but has imposed the limitation of the bankrupt act with respect to amount when the law of the state under which priority . was allowed contains no such limitation.

The question here is one of construction of the bankrupt law of the United States, and is this: whether the congress, having spoken by a particular provision (section 64b, cl. 4) with respect to the priority to be allowed labor claimants, and having subsequently in the same act (section 64b, cl. 5) spoken generally with respect to the recognition of the priorities allowed by the laws of the state or the United States, the latter general provision overrides or enlarges the prior special provision. The bankrupt act, by its terms, went into full force and effect upon its passage, July 1, 1898, and, notwithstanding the provision that no voluntary petition should be filed within one month of the passage of the act, and that no petition for involuntary bankruptcy should be filed within four months of the passage of the act, the bankrupt law was operative from the date of its passage, and was effective from that date to supersede the insolvency laws of the several states. Manufacturing Co. v. Hamilton (Mass.) 51 N. E. 529; Blake v. Francis-Valentine Co., 89 Fed. 691; In re Bruss-Ritter Co. (E. D. Wis.) 90 Fed. 651. It is probably true that the congress could constitutionally in the bankrupt act recognize the varying systems of the several states with respect to exemptions of property (Darling v. Berry, 4 McCrary, 407, 13 Fed. 659); and it may be possible that like recognition of the

varying laws of the several states in regard to priority of payment of debts would not impair or destroy the uniformity of the system of bankruptcy authorized by the constitution. We do not find occasion now to consider that subject. The question recurs, what was the real intention of the congress as expressed in clauses 4 and 5 of section 64b? In the first clause congress addresses itself to the subject of labor claims, and particularly provides that all wages that have been earned within three months before the date of the commencement of proceedings in bankruptcy, not to exceed $300 to each claimant, shall be awarded priority of payment. It recognized, it must be assumed, the various provisions of law in the several states with respect to this subject. It found them not to be in harmony, and in some states— as, notably, Illinois—the laws upon that subject not to be consistent with each other. It found limitation as to time different in the different states. It found that in some of the states priority of payment was unlimited as to amount, and in some limited to so small a sum as $50. With this divergence within its knowledge, the congress spoke to the subject specially and particularly, and limited the amount to $300, and, as to time, to wages earned within three months before the commencement of proceedings. Can, then, the general provision of the law following immediately thereafter, allowing priority of payment for all debts owing to any person who, by the laws of the states or the United States, is entitled to priority, be held to enlarge the prior provision so that the statute should be read that, in any event, the laborer should be entitled to priority of payment in respect of wages earned within three months prior to proceedings, and in amount not exceeding $300, and that wherever the laws of the state of the residence of the bankrupt grant the laborer priority of payment without limit as to time or amount, or impose a limit in excess of that imposed by the bankrupt act, he shall be entitled to a further priority in payment according to the law of the particular state? We think not. It is not to be supposed—unless the language of the act clearly so speaks—that the congress intended that in the administration of the act there should be a marked contrariety in the priority of payment of labor claims dependent upon locality. It is an elementary principle of construction that where there are in one act or in several acts contemporaneously passed specific provisions relating to a particular subject, they will govern in respect to that subject as against general provisions contained in the same act. See Suth. St. Const. § 158. Thus, in State v. Inhabitants of Trenton, 38 N. J. Law, 67, it is said: "When the intention of the lawgiver, which is to be sought after in the interpretation of a statute, is specifically declared in a prior section as to a particular matter, it must prevail over a subsequent clause in general terms, which might, by construction, conflict with it. The legislature must be presumed to have intended what it expressly stated, rather than that which might be inferred from the use of general terms." And so, in Taylor v. Corporation of Oldham, 4 Ch. Div. 398, it is declared that general provisions in an act of parliament do not override special provisions. So that, where an act contains special provisions as to particular property, they must be read as exceptions to the general provision, whether contained in the same or any other

act. And so, also, it was held in Attorney General v. Lamplough, 3 Exch. Div. 214, that where special words are followed by general words in any statute any subject-matter which is aptly described by the special words comes within the purview of the statute by force of the special words, and not of the general words. Dwar. St. p. 658, thus states the rule:

"Where a general intention is expressed, and the act also expresses a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception; while, if a particular thing is given out or limited in the preceding parts of the statute, this shall not be taken away or altered by any subsequent general words of the same statute."

In Felt v. Felt, 19 Wis. 193, Mr. Justice Paine states the rule thus:

"But it is a well-settled rule of construction that specific provisions relating to a particular subject must govern, in respect to that subject, as against general provisions in other parts of the law, which might otherwise be broad enough to include it."

In State v. Goetze, 22 Wis. 363, 365, the same learned judge said:

"There is no rule of construction more reasonable and none better settled than that special provisions of a statute in regard to a particular subject will prevail over general provisions in the same or other statutes, so far as there is a conflict."

See, also, Hoey v. Gilroy, 129 N. Y. 138, 29 N. E. 85; Stockett v. Bird's Adm'r, 18 Md. 484.

Our conclusion is that congress having spoken specifically to the subject of priority of payment of labor claims, what it has said upon that subject expresses the particular intent of the lawmaking power, and that provision is not to be tolled or enlarged by any general prior or subsequent provision in that act. That which is given in particular is not affected by general words. So that the statute providing for the priority of payment of debts referred to in clause 5 must be construed to mean other debts and different debts than those specified in clause 4. We are not unmindful of the particular hardship which our conclusion, it is said, will work out here. It arises from the fact that under the law proceedings in bankruptcy, except by voluntary act of the bankrupt, could not be commenced in time to fully protect these labor claimants. We regret that this is so. It is a misfortune arising from the provisions of the act, but to remedy this particular wrong we cannot override a recognized canon of construction of statute law.

The prayer of this petition must be allowed, and the order of the district court of the United States for the Northern district of Illinois, sitting in bankruptcy, bearing date November 11, 1898, so far as it allows priority of payment to labor claims which accrued prior to the 1st day of August, 1898, must be set aside, and held for naught. The clerk will certify this ruling to the district court of the United States for the Northern district of Illinois.

It is proper to add that Judge SHOWALTER sat at the hearing of this cause, but died before its decision.