In re SHAW.

(District Court, E. D. Pennsylvania. June 22, 1901.)

No. 605.

BANKRUPTCY—DEBTS ENTITLED TO PRIORITY—WAGES.

The priority of a claim for wages against a bankrupt's estate and the amount allowable in priority are determined by Bankr. Act 1898, § 64, cl. "b," par. 4, which deals specifically with wages, and not by the laws of the state, under paragraph 5, which relates to "debts," other than wages, which are entitled to priority.

In Bankruptcy. On certificate of referee concerning claim for wages.

Julius C. Levi, for creditors.

Hazard Dickson, for trustee.

J. B. McPHERSON, District Judge. The question for decision is whether the amount to be allowed to a wage claim in priority out of the bankrupt's estate is to be determined by paragraph 4, cl. "b," of section 64, or by paragraph 5 of the same clause. The question has already been decided by the circuit court of appeals for the Sixth circuit in Re Rouse, Hazard & Co., 1 Am. Bankr. R. 240, 33 C. C. A. 356, 91 Fed. 96, in favor of paragraph 4, and the referee followed this decision. I agree with the correctness of this ruling, which, indeed, seems to me to be scarcely susceptible of doubt. Paragraph 4 deals specifically with the allowance of claims for wages; and, while it is true that wages might be included under the general word "debts," used in paragraph 5, thus to include them would violate a well-known rule of statutory construction. Having been specifically dealt with in the paragraph immediately preceding, it is almost incredible that congress should straightway proceed to deal with them again in a different fashion. To declare that they are included under the word "debts" would be either to strike paragraph 4 out of the act entirely, or to furnish two conflicting rules for deciding how much should be allowed to a claim for wages in priority. The result, of course, would be that a claimant could select whichever paragraph gave him the larger sum. I need scarcely say that such a result does not furnish a rule of decision, and could only be accepted in case the language used by congress forbade any other construction. The ordinary and natural construction is, I think, that paragraph 4 has to do with wages, and paragraph 5 has to do with other debts entitled to priority.

The decision of the referee is approved.