## GAUDETTE v. GRAHAM.

### In re BLANCHARD SHINGLE CO.

(Circuit Court of Appeals, Ninth Circuit. October 5, 1908.)

No. 1,580.

1. BANKRUPTCY—APPEALS—MODE OF REVIEW.

An appeal from a decision of a District Court in bankruptcy can be treated as a petition for review only where questions of law are alone involved.

2. SAME.

An order of a District Court allowing a claim against an estate in bankruptcy as a general debt, but disallowing in part a claim of the creditor to priority as a lien holder, is not appealable by the creditor, under Bankr. Act July 1, 1898, c. 541, § 25a (3), 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432); nor is it subject to revision on petition under section 24b, where it depends on controverted facts.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 3 C. C. A. 9.]

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington.

Million & Houser and Kerr & McCord, for appellant.

Corwin S. Shank, Winfield S. Smith, J. W. Rose, and A. J. Craven, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The appellant's assignor had duly filed a materialman's lien for $2,338.07 against the Blanchard Shingle Company, the bankrupt in this case, pursuant to a statute of the state of

Washington, where the case arose, and had just begun a suit in one of the courts of the state of Washington to foreclose the lien, when the bankruptcy proceedings were commenced. After the commencement of those proceedings the claimant filed a preferred claim for the $2,338.07, and for $100 as an attorney fee for instituting the foreclosure suit. The trustee objected to the entire claim, and on the hearing before the referee the appellant abandoned his claim of lien as to one item of $42.88 included in the $2,338.07. The referee allowed this $42.88 item as a common claim, and the remaining $2,295.19 as a lien, but refused to allow any attorney fee. Each party applied to the District Court for a review of the decision of the referee; the trustee because any lien was allowed, and the claimant because the fee was disallowed. The District Court affirmed the disallowance of the attorney fee, and, in view of the facts of the case, cut down the lien from $2,295.19 to $585.41, but allowed as a common claim against the estate the entire remainder. From that order the claimant brought the present appeal, to dismiss which a motion is made by the appellee.

As in the case a consideration of the facts is essential to any review of the decision of the court complained of, it is clear that the appeal cannot be treated as a petition for revision, as is suggested by the appellant may be done. That is only permissible where questions of law only are invoved. In re Williams' Estate, 156 Fed. 934, 84 C. C. A. 434; In re Rouse, Hazard & Co., 91 Fed. 96, 98, 33 C. C. A. 356; Courier-Journal Job Printing Company v. Shaeffer-Meyer Brewing Company, 101 Fed. 699, 41 C. C. A. 614. Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432); provides that:

"The several Circuit Courts of Appeal shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law, the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved."

And section 25a of the same act provides that:

"Appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Court of Appeals of the United States, and to the Supreme Court of the territories, in the following cases, to wit: (1) From a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over."

As the attorney fee claimed in the present case only amounted to $100, and the court allowed the full amount of the debt to the appellant as a common claim, it is apparent that, if the appeal lies, it can only be because of the rejection by the court (except to the extent of $585.41) of the appellant's asserted lien for the debt.

In the case of In re Worcester County, 102 Fed. 808, 812, 42 C. C. A. 637, the Circuit Court of Appeals for the First Circuit had under consideration the provisions of the bankrupt act here involved, and said:

"Whether or not we shall take jurisdiction of the matters now before us on a petition for revision or on appeal is a substantial question, because on a petition for revision we are limited to matters of law, while on appeal the whole record is open. The right of appeal is applied, so far as the amount

is concerned, to debts of $500 or over; thus indicating a settled determination on the part of Congress not to leave the final decision of a right to prove a considerable claim in the power of a single judge in any part. It becomes at once apparent that this substantial right of appeal ought not to be taken away merely because the party who proves a debt also claims a priority in connection therewith. It becomes necessary in this connection to examine somewhat further the provisions of the statute of 1898 with reference to the method of proving claims, and also the general orders and forms in bankruptcy relating thereto. Nothing is found in the orders giving any special direction with reference to the manner of proving claims in connection with which a priority is asserted. Neither do the prescribed forms for proofs of debts contain anything of that character, although the form of the proof of a secured debt requires that it shall enumerate the securities held by the creditor. Neither is there anything in the statute giving any direction as to the method of proving a debt in reference to a priority. The topic is covered by section 57 (30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]). The first paragraph of that section ('a') gives detailed directions for the proof, but it omits any reference to the matter of priority, although it is express about proofs by creditors holding securities. Paragraph 'e' provides that the claims of secured creditors and of those who have priorities may be allowed, in order to enable such creditors to participate at meetings held prior to the determination of the value of their securities or priorities, but they are thus to be allowed for such sums only as to the court seems to be owing over and above the value of their securities or priority. This, however, concerns only the preliminary determination in a preliminary way of the franchise rights of creditors. Section 64 (30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]), which fixes priorities, commences with a direction that the court shall order the trustee to pay taxes due various enumerated entities in advance of the payment of dividends. It proceeds, in the next paragraph, that the 'debts to have priority, except as herein provided, and to be paid in full out of bankrupt estates, and the order of payments shall be: [Then comes the enumeration of the various classes of debts, 1 to 5, which we need not repeat.]' There is nothing in this section to indicate that the question of priority is essentially involved in the mere matter of proving a debt, or even that a claim to priority should appear in the formal proof. In Act March 2, 1867, c. 176, 14 Stat. 530, afterwards found in section 5101 of the Revised Statutes, which covered the entire matter of priority, the matter was put clearly as follows: 'In the order for a dividend, the following claims shall be entitled to priority and are to be first paid in full in the following manner.' Then is given a schedule of the different classes of priority claims. We can conveniently place our hands on only two cases showing the method of proceeding under that statute, which are In re Handell, 15 Nat. Bankr. Rep. 71, Fed. Cas. No. 6,017, and Ex parte Rockett, 15 Nat. Bankr. Rep. 95, Fed. Cas. No. 11,977, in each of which the question of priority was treated purely as one of administration, and was not connected with the proofs of debts. On the whole, Congress having provided specifically in the act of 1898 for an appeal with reference to proofs of debts exceeding $500, on which appeals all questions are open to the appellate tribunal, and having also provided that, for all matters of administration which concern the relations to each other of the different interests in the estate, the action of the bankruptcy court shall be revised only in matters of law, it is plain that Congress insisted on a distinction of a substantial nature, which we are not at liberty to disregard. Whether or not the county of Worcester has any debt provable belongs in the first class. Whether or not it has any debt as to which it is entitled to priority is a question of administration, which can ordinarily present no question of importance, except of law, arising from facts which can rarely be disputed. Therefore it belongs of right to the second class. The fact that, for convenience, the learned judge of the District Court combined both questions in one decree, can in no way affect the substantial distinctions which Congress has made between the mere power to revise and a full appeal. We therefore must sever what the District Court has apparently combined. Inasmuch as the trustee maintains that the county of Worcester has no debt which it can prove for any purpose against the bankrupt estate, we must dispose of that

question on the appeal; and, inasmuch as he also claims that, even if the county has a provable debt, it is not entitled to any priority, we must dispose of that question on the petition for revision. The Circuit Court of Appeals for the Seventh Circuit had this topic under consideration in Re Rouse, Hazard & Co., 33 C. C. A. 356, 91 Fed. 96, although not before it in the precise form in which it comes before us. The only question there was that of priority, and the court held that this was not governed by the provisions of section 25 granting appeals. The opinion observed, however, at the foot of page 98, 91 Fed., and page 358, 33 C. C. A., that, if the controversy had been in respect to the merits of the claims, the court would have been without jurisdiction on a petition for revision. The line of reasoning would have led to the same result which we have reached, if the matter had come up in the same form."

In re Worcester County, just quoted from, as well as In re Rouse, Hazard & Co., 91 Fed. 96, 33 C. C. A. 356, were referred to with approval by the Supreme Court in the case of Hutchinson v. Otis, 190 U. S. 552, 555, 23 Sup. Ct. 778, 779, 47 L. Ed. 1179, where that court said:

"A petition was filed by Otis, Wilcox & Co., asserting a lien on the proceeds of a seat in the New York Stock Exchange, which formerly belonged to the bankrupts. This lien had not been insisted on by Otis, Wilcox & Co., because of their impression that they had been paid effectually. No one having changed his position on the faith of their waiver, the District Court allowed the lien. The Circuit Court of Appeals held that this portion of the decree of the District Court was not subject to an appeal to the Circuit Court of Appeals. The argument chiefly relied upon by the appellant is that this is an intervening petition to reach a fund in court, and is not a proceeding in bankruptcy. Under the circumstances of this case, it seems to us that the petition was incident to the claim (Cunningham v. German Insurance Bank 101 Fed. 977, 41 C. C. A. 609; s. c. 4 Am. Bankr. Rep. 192, 103 Fed. 932, 43 C. C. A. 377), and was a bankruptcy proceeding under section 2, cl. 7, within the meaning of section 25, regulating appeals in bankruptcy proceedings, and that the decree upon it was not 'a judgment allowing or rejecting a debt or claim of five hundred dollars or over' within section 25a (3), and was not an independent ground of appeal."

In the light of these authorities, it seems that the case at bar is not appealable under section 25a of the bankrupt act, and, as the record shows that the asserted lien of the appellant depends upon controverted facts, it clearly is not subject to revision under section 24b.

The appeal is dismissed.