O'BRIEN v. ELY.

(Circuit Court of Appeals, Fifth Circuit. April 9, 1912.)

No. 2,200.

BANKRUPTCY (§ 455*)—REJECTION OF CHARGES AGAINST RECEIVER IN BANK-
RUPTCY—DISCRETION OF COURT—REVIEW.

The rejection of charges against a receiver in bankruptcy for expenses
incurred under receiver's orders, or contracts for preservation or care
of the bankrupt's estate, is within the discretion of the bankruptcy court,
and no appeal lies therefrom under the bankruptcy law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 916; Dec.
Dig. § 455.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43
C. C. A. 9.]

Appeal from the District Court of the United States for the South-
ern District of Alabama.

Petition by P. H. O'Brien against Max Ely, receiver of the Ferro
Concrete Contracting Company, for judgment against the receiver.
From orders rejecting the claim of the petitioner in part, and dismiss-
ing the bankruptcy proceedings at the cost of the petitioning cred-
itors, petitioner appeals. Affirmed.

Moses Kohn, for appellant.

Before PARDEE and SHELBY. Circuit Judges, and MAXEY,
District Judge.

PER CURIAM. On December 21, 1909, a petition in involuntary
bankruptcy was filed against "the Ferro Concrete Contracting Com-
pany, a New York corporation; and on another petition filed the same
day Max Ely was appointed receiver, and he gave bond in the sum of
$15,000. January 15, 1910, the Ferro Concrete Contracting Company
filed an answer, denying all allegations of the petition to have it ad-
judged a bankrupt, and praying a dismissal of the same. October 15,
1910, P. H. O'Brien filed a petition in the case, claiming that the re-
ceiver, M. Ely, was indebted to him in the sum of $1,382.34 for work
on a certain cement house as per agreement. January 10, 1911, Max
Ely, receiver, answered, denying indebtedness to said O'Brien beyond
the amount of $153.43, which last sum he admitted. January 13th, the
court entered an order as follows:

"This cause coming on to be heard on the petition of P. H. O'Brien, pray-
ing an order directing Max Ely, as receiver herein, to pay to him the sum
of one thousand three hundred and eighty-two and $34/100$ dollars ($1,382.34),
and the answer thereto of said Max Ely, as such receiver, admitting that
he, as such receiver, is indebted to said P. H. O'Brien in the sum of one
hundred and fifty-three and $43/100$ dollars ($153.43), and same being duly
considered by the court, the court is of opinion that said receiver should
pay to said P. H. O'Brien said sum of $153.43. It is therefore ordered and
decreed by the court that said Max Ely, as such receiver, pay to said P.
H. O'Brien said sum of one hundred and fifty-three and $43/100$ dollars ($153.-
43). However, this order is made without prejudice to the right of said
O'Brien to take such legal action to recover his full claim as he may be ad-
vised is necessary in the premises."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

And on same day entered another order as follows:

"In the Matter of Ferro Concrete Contracting Company. No. 797. In Bankruptcy. It is ordered by the court that this proceeding be and the same is hereby dismissed out of court at the cost of the petitioning creditors, Southern Grocery Company, J. C. Webb & Sons, and Marengo Hardware & Furniture Company, for want of prosecution."

This appeal is from both orders entered on January 13, 1911.

The rejection of charges against a receiver in bankruptcy for expenses incurred under receiver's orders or contracts looking to the care or preservation of the bankrupt estate is within the discretion of the bankruptcy court, and no appeal lies therefrom under the bankruptcy law. Taking the order dismissing the proceedings against the Ferro Concrete Contracting Company as practically a decree refusing to adjudicate said company a bankrupt, and as such appealable, we find no error in the same, even if the appellant has an interest therein entitling him to appeal therefrom.

Affirmed.