### In re WEIDHORN.

(District Court, D. Massachusetts. March 8, 1917.)

No. 23319.

1. BANKRUPTCY ⚬⟿224—REFEREE—OBJECTIONS.

Where a defendant in plenary suit in equity filed with the referee in bankruptcy seasonably objected to referee's jurisdiction, he did not, by subsequently filing an answer to the merits, assent to the referee's jurisdiction.

2. BANKRUPTCY ⚬⟿224—REFEREE—JURISDICTION—"PROCEEDING."

Where an order of reference was made under General Order in Bankruptcy No. 12 (89 Fed. vii, 32 C. C. A. vii), providing that all proceedings except as required by the act or General Orders to be before the judge shall be had before the referee, such order of reference did not, the word "proceeding," as used in Bankr. Act July 1, 1898, c. 541, 30 Stat. 544, covering questions between the alleged bankrupt and his creditors commencing with the petition for adjudication and ending with the discharge, and including matters of administration generally, authorize the referee to entertain a plenary suit unlimited as to amount by the trustee against a third party to recover property never in the custody of the bankruptcy court for the word "proceeding," as used in the General Order, should be given the same meaning as when used in the act, and furthermore the order of reference could hardly be construed as a delegation of all of the court's equitable powers.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proceeding.]

---

⚬⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Bankruptcy. In the matter of the bankruptcy of J. Herbert Weidhorn. The trustee filed with the referee a bill of complaint against one Leo Weidhorn. On proceedings to review the referee's order. Order vacated.

Swift, Friedman & Atherton, of Boston, Mass., for trustee.
William M. Blatt, of Boston, Mass., for Leo Weidhorn.

MORTON, District Judge. This case presents an important question as to the jurisdiction of the referee. From the certificate it appears that, more than four months before the institution of bankruptcy proceedings, the bankrupt had conveyed property to his brother, Leo Weidhorn. There is no question but what, at the time of the bankruptcy, this property was in the exclusive possession of the brother under an actual claim of ownership. The trustee in bankruptcy filed with the referee what is called a "bill of complaint" against Leo; it is in form and substance a well-drawn bill in equity, alleging that the conveyances in question from the bankrupt to the respondent were invalid, because made in fraud of creditors, under the statute of Elizabeth and Bankr. Act, § 70a (Comp. St. 1916, § 9654). Upon the filing of this bill the referee directed that a subpoena issue under the equity rules of this court, and also issued a temporary injunction, as prayed for, restraining the transfer of the property pendente lite. The subpoena was in the usual form of those used in this court, except that it directed the defendant to appear before said court "sitting in bankruptcy," and notified the defendant to file his answer "in the referee's clerk's office." It was signed by one of the deputy clerks of this court, and bore the teste and seal of the court. The bill was filed only with the referee, and no order was made in the proceedings, except by him.

[1] The respondent seasonably objected to the jurisdiction of the referee, and afterwards filed an answer to the merits. By so doing, he did not assent to the referee's jurisdiction. Louisville Trust Co. v. Comingor, 184 U. S. 18, at page 26, 22 Sup. Ct. 293, 46 L. Ed. 413. The referee proceeded to hear and determine the merits of the controversy, and entered a final decree against the respondent, declaring the several mortgages or bills of sale in question to be void, and ordering the surrender of the goods in question to the trustee, and an account. Both the jurisdictional question and the merits of the case are certified for review.

The proceedings are in no sense summary, nor are they so regarded either by the referee or by the parties. The referee's decision is that a trustee in bankruptcy may proceed before a referee by plenary suit, unlimited as to amount, to recover property never in the possession of the bankruptcy court.

[2] The duties of the referee do not begin until the case has been referred to him; and his jurisdiction, therefore, includes only such parts of the bankruptcy jurisdiction of the District Court as are carried by the reference. The order of reference was made under General Order 12 (1), which provides as follows:

"And thereafter all proceedings except such as are required by the act or these General Orders to be before the judge shall be had before the Referee." 89 Fed. vii, 32 C. C. A. vii.

If the referee has jurisdiction of the present suit, it must be because it is covered by the words, "all proceedings" in this Order.

"Proceedings" has, in bankruptcy, a well-recognized technical meaning. It has been defined under section 24 as:

"Covering questions between the alleged bankrupt and his creditors, as such, commencing with the petition for adjudication, ending with the discharge, and including matters of administration generally, such as appointment of receivers and trustees, sales, exemptions, allowances and the like, to be disposed of summarily, all of which naturally occur in the settlement of the estate." Baker, J., In re Friend, 134 Fed. 778, 67 C. C. A. 500 (C. C. A. 7th Cir.).

It does not ordinarily include suits by the trustee against third persons. The word is frequently used in the General Orders, always, I think, in the same sense (e. g., in the preamble, and in Orders 1, 4, 5, 8, 21, 35 [89 Fed. iv, 32 C. C. A. iv]); when it is intended to refer to suits in equity or· actions at law they are distinctly specified (General Order 37 [89 Fed. xiv, 32 C. C. A. xiv]). It seems to me that "proceedings," in the Order under discussion, is used· in its established meaning as applied to bankruptcy matters, and that it does not include suits brought by the trustee against third persons in respect to property not in the custody of the bankruptcy court.

If the order of reference be construed as broadly as the plaintiff desires, it is questionable whether it would be valid. It would amount to a peculiar delegation of the general equity powers of the court, the exact limits of which, territorial or otherwise, it is not easy to understand. If it be regarded as covering all controversies to which the trustee in the case referred might be a party—which is the view of the referee, as I understand it—the effect is to create a new court having concurrent jurisdiction in equity with the state courts, and possibly with the District Court, as to cases in which a certain person, viz. the trustee in bankruptcy of the estate referred, may be a party.

In In re Steuer, 5 Am. Bankr. R. 209, 104 Fed. 976 (D. C. Mass.), where a plenary suit of this character was heard before the referee without objection, Judge Lowell, with "great doubt," held that the District Court had jurisdicion to make a˘decree in favor of the complainant; and he ordered that the decree issue as if made originally by the judge, and not simply as an affirmance of the decree of the referee. It seems that, if the objection had been seasonably taken and insisted upon, as it was in this case, a different result would have been reached. In In re Carlile, 29 Am. Bankr. R. 373, 199 Fed. 612 (D. C. N. C.), in In re Walsh Bros. (D. C. Ia.), 163 Fed. 352, and in In re Overholzer, 23 Am. Bankr. R. 10 (an able opinion by the referee), it was explicitly held that the referee did not have jurisdiction of a plenary suit of this character. The weight of opinion among the text-writers is in the same direction. Remington on Bankruptcy (2d Ed.) §§ 545 and 1695, collecting cases; Loveland on Bankruptcy (4th Ed.) § 37. Collier on Bankruptcy (10th Ed.) p. 595, says that the

question is doubtful, "and there are instances where such jurisdiction has been asserted and fully sustained by the District Court," but the cases cited do not support the statement. In In re O'Brien, 21 Am. Bankr. R. 11, Referee Olmstead, in this district, took jurisdiction of a plenary suit and appointed receivers, but it was done by agreement of the respondents. In In re Shults & Mark, 11 Am. Bankr. R. 690, the referee held in a long opinion that under a special rule in that district he had jurisdiction against objections thereto. It is the only express decision in the plaintiff's favor which has been brought to my attention.

It seems to me that, both upon the better reasoning and upon the great weight of authority, the referee has no jurisdiction of plenary suits of this character. They often involve very substantial amounts—in this case, for instance, from $7,000 to $12,000—and I think they should be filed, like other suits in equity, in the District Court, or in the proper state court.

There must be an order vacating the referee's decree and dismissing the bill, with costs as taxed in an equity suit in this court.