## In re WEIDHORN.

### Petition of LEVY.

(Circuit Court of Appeals, First Circuit. May 28, 1918.)

### No. 1302.

1. BANKRUPTCY ⟪⟫440—JURISDICTION OF REFEREE—REVIEW—"QUESTION OF PROCEDURE."

The question raised in the District Court by denial of a referee's jurisdiction to investigate the merits of a controversy under the forms of a plenary suit by the trustee is a question of procedure, which, under Bankr. Act, § 24b (Comp. St. 1916, § 9608), may be raised before the appellate court by petition to revise, though a decision on the merits, had there been jurisdiction, could have been reviewed only on appeal.

2. BANKRUPTCY ⟪⟫224—JURISDICTION OF REFEREE—SUIT TO AVOID TRANSFERS.

In a case referred generally, after adjudication, under Bankr. Act, § 22 (Comp. St. 1916, § 9606), and according to General Order XII, whereby all proceedings, except such as are required to be had before the judge, were thereafter to be had before the referee, who was to perform duties he was empowered by the act to perform, the referee had jurisdiction of a bill in equity, filed by the trustee under section 70e (Comp. St. 1916, § 9654), to avoid transfers in fraud of creditors; nothing in the act or general orders expressly requiring such proceedings to be had before the judge, and sections 1(7), 38(4), 42a, 42c (Comp. St. 1916, §§ 9585, 9622, 9626), and General Order III, permitting an inference in favor of the referee exercising jurisdiction.

Petition to Revise in the Matter of Law the Proceedings of the District Court of Massachusetts.

In the matter of J. Herbert Weidhorn, bankrupt. On petition of Benjamin A. Levy, trustee, to revise a decree directing the vacation of a decree made by the referee on a bill in equity. Reversed.

For opinion below, see 243 Fed. 756.

Lee M. Friedman, of Boston, Mass., and Albert S. Woodman, of Portland, Me. (Swift, Friedman & Atherton, of Boston, Mass., on the brief), for petitioner.

William M. Blatt, of Boston, Mass., for respondent.

Before DODGE, BINGHAM, and JOHNSON, Circuit Judges.

DODGE, Circuit Judge. The order or decree of the District Court, which this petition seeks to revise, directed the vacation of a decree made by the referee upon a bill in equity, filed and answered before him, and sustained by him after hearing the merits of the case as in plenary proceedings before the court, and it directed the dismissal of the bill on the ground that the referee had been without jurisdiction so to entertain or hear it.

[1] 1. We are asked to dismiss the petition to revise on the ground that it is not a petition within section 24b of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 553 [Comp. St. 1916, § 9608]). It is contended that the question raised as to the referee's jurisdiction can be brought before us only by appeal under section 24a.

⟪⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The bill in equity, filed by the trustee in bankruptcy of the estate under administration, sought to avoid two conveyances by the bankrupt to his brother, on the alleged ground that they had been made with intent to hinder, delay, or defraud his creditors. The referee held the conveyances void, and ordered the defendant to account for or restore the property transferred.

The defendant's petition for review of the referee's decree by the District Court alleged only that the above findings and conclusions were not justified by the evidence. It did not allege that the referee had acted without jurisdiction. The referee's certificate to the District Judge, however, recited that the defendant had contended "that the referee, sitting as a court of bankruptcy, has no jurisdiction," and that he had ruled to the contrary. The District Judge dealt only with the question of jurisdiction, undertaking no consideration of the merits of the controversy passed upon by the referee.

The trustee's present petition to this court, while it asks reversal of the decree of dismissal, and for affirmance of the decree entered by the referee, raises before us only the question of the referee's jurisdiction. If he had jurisdiction, his result on the merits remains to be reviewed by the District Court.

Since the petition before us thus presents only the preliminary question of the referee's jurisdiction to proceed on the bill before him, we think it raises rather a question of procedure, under section 24b, than a "controversy arising in bankruptcy proceedings," within the meaning of section 24a. Such "controversies" arise over steps in bankruptcy proceedings which the court or referee has jurisdiction to take or refuse to take. When the referee's jurisdiction to investigate the merits of a controversy like this in summary proceedings is attacked, the question is properly raised before the Appellate Court by petition to revise an order of the District Court sustaining such jurisdiction. Schweer v. Brown, 195 U. S. 171, 25 Sup. Ct. 15, 49 L. Ed. 144; Shea v. Lewis, 206 Fed. 877, 124 C. C. A. 537; Gibbon v. Goldsmith, 222 Fed. 826, 138 C. C. A. 252. We see no sufficient reason to doubt that the question raised by a denial of the referee's jurisdiction to investigate the merits of such a controversy under the forms of a plenary suit may be equally well raised by petition to revise. The question is one of law only. That a result on the merits, had there been jurisdiction, could have been reviewed here only on appeal, does not prove that we are without power to determine the question of jurisdiction under such a petition as this.

[2] 2. The case had been referred generally, under section 22 of the Bankruptcy Act (Comp. St. 1916, § 9606), and according to General Order XII. The reference was not for any special or limited purpose. According to clause 1 of said general order, "all the proceedings except such as are required by the act or by these general orders to be had before the judge," were thereafter to be had before the referee, and according to clause 2 of said order the referee was thereafter to perform the duties which he was "empowered by this act to perform" in the matters arising in the case referred to him. We are unable to agree with the learned District Judge that "all the pro-

ceedings," in clause 1, must be taken to mean only such proceedings of the bankruptcy courts as have been distinguished from controversies arising in bankruptcy proceedings for the purposes of section 24. We think the order requires a broader construction, in view of all its provisions, and of other provisions applicable, found in the act.

Nothing either in the act or in the general orders expressly requires the proceedings upon a bill filed by a trustee like this, whereof "any court of bankruptcy" has jurisdiction under section 70e (Comp. St. 1916, § 9654), to be had before the judge. On the contrary, section 38 (4), being Comp. St. 1916, § 9622, invests the referee with jurisdiction, "subject always to a review by the judge," "to perform such part of the duties (with express exceptions not here applicable) as are by this act conferred on courts of bankruptcy and as shall be prescribed by rules or orders * * * except as herein otherwise provided."

Neither in the act nor the rules nor the orders referred to are any provisions found which exclude such cases from the general operation of this section. The jurisdiction given by section 70e, over such a proceeding, is in equity, as affording a remedy more adequate and complete than can be had at law. Wall v. Cox, 101 Fed. 403, 41 C. C. A. 408; Pond v. New York, etc., Bank (D. C.) 124 Fed. 992; Davis v. Gates (D. C.) 235 Fed. 192, 195. There are certain injunctions which only the judge can order (Gen. Order XII, 3); but no such injunction was sought by the bill which the trustee filed.

Section 42a of the act (Comp. St. 1916, § 9626) provides for the keeping of records of proceedings in cases before the referee corresponding to those kept in equity cases before the federal courts. Section 42c makes the records so kept part of the records of the court, when certified and transmitted by the referee as there required. By General Order III, process, summons, and subpœnas, under the court's seal and signed by the clerk, are to be furnished referees upon application therefor. In view of these provisions, we are not prepared to agree with the District Judge that to affirm the referee's jurisdiction in cases like this would amount to creating a new court having concurrent equity jurisdiction with the state courts and with the District Court. The jurisdiction so exercised would be that of the District Court as a court of bankruptcy, though exercised by an officer of that court given for defined purposes, the powers of the court, with the right to issue its process, always, of course, subject to review by the judge.

Section 1 (7) of the act (Comp. St. 1916, § 9585) provides that "courts," as used in the act, may include the referee; and for the purposes here material we think section 38 (4) must be taken as intending to make that word as there used include the referee.

From the sections of the act above referred to an intent on the part of Congress may reasonably be inferred to permit the exercise of all functions of the bankruptcy courts not specifically excepted, by a number of local officers of the court, easily accessible throughout each district, instead of empowering the District Judge alone to exercise them, at the statutory places for holding his court. The provisions

have been recognized as manifesting such an intention. Remington, Bankruptcy (2d Ed.) §§ 496, 501; In re Steuer (D. C.) 104 Fed. 976, 980.

We find no decisive objection to the above view in the fact that matters involving considerable amounts will be thereby often left to the referee's determination in the first instance. The same is true regarding matters as to which the referee's jurisdiction under the act is unquestioned. It is true that the referee cannot punish for the contempts referred to in section 41, but must certify the facts to the judge for his action. This, however, is only matter of procedure, and is also applicable to proceedings whereof the referee's jurisdiction is unquestioned. That the referee has jurisdiction to act upon such a bill is the view which seems to us most in accordance with the general scheme contemplated by the act for the primary hearing and determination of such controversies as are likely to arise between trustees of estates and adverse claimants. If the property in controversy here had been in the trustee's possession and claimed from him, or a lien upon it asserted, by the defendant, the referee's jurisdiction would have been undeniable, though the above objections to its exercise would have been no less applicable.

Such a construction of the above provisions of the act involves no substantial prejudice to any right of a defendant against whom such a bill is brought. If it were addressed to the judge, instead of the referee, filed, not with the referee, but in the clerk's office, and heard by the referee under directions from the court to ascertain the facts and report thereon, no one would doubt that the "duties conferred upon the bankruptcy court" in the case had been so far properly performed. The referee's report, with the evidence before him, if necessary, would then come before the District Judge for confirmation or disaffirmance, and the final decree of the court accordingly would follow. If heard and decided by the referee, as in this case, a petition for review would also bring the whole matter, with the evidence heard, before the judge, whose order affirming or disaffirming that made by the referee would also amount to a final decree by the District Court. We see no difference between the two methods of reaching a final result in the District Court sufficiently important to require the conclusion that the latter method cannot be one contemplated by the act. It will always be in the judge's power to prevent its adoption, as was not done here, by limiting the powers given the referee, in the order of reference.

No court of appeals has yet passed upon the question here raised. Conflicting decisions regarding it may be found, made in other District Courts either by the judge or a referee. In this district the decisions prior to that here appealed from have tended to sustain the referee's jurisdiction. In re Steuer, 104 Fed. 976, and In re Scherber, 131 Fed. 121, are the earliest in date which refer to the question. Neither decides it, but the suggestions regarding it in Re Steuer show much disinclination on the part of the court to hold the referee wholly without jurisdiction. Jurisdiction has been exercised by the referee in similar cases, and its exercise, apparent from the record, and there-

fore subject to disapproval by the court at any stage of the proceedings, has met with no objection either from the parties or from the courts either on review or appeal, in not a few reported cases in this and other circuits. See particularly Clarke v. Rogers, 183 Fed. 518, 106 C. C. A. 64, and 228 U. S. 534, 33 Sup. Ct. 587, 57 L. Ed. 953; Studley v. Bank, 200 Fed. 249, 118 C. C. A. 435, and 229 U. S. 523, 33 Sup. Ct. 806, 57 L. Ed. 1313. We find no reason sufficient to require a decision involving the conclusion that the referee's jurisdiction was exercised in all such cases without statutory warrant, and must regard the decision that it was unlawfully exercised in this case as erroneous. We reach this conclusion without reference to the question whether or not there was seasonable objection to the jurisdiction by the defendant. It is not contended that his consent could have given a jurisdiction not given by the act.

Let there be a decree reversing the decree of the District Court, and remanding the case to that court for further proceedings in accordance with this opinion. The trustee in bankruptcy recovers his costs in this court.