GRAHAM v. FAITH.

In re W. P. B. BROOKS & CO., Inc.

(Circuit Court of Appeals, First Circuit. May 28, 1918.)

No. 1347.

1. BANKRUPTCY ⊜⧩224—JURISDICTION OF REFEREE—SUIT TO AVOID TRANSFER.
    A referee has jurisdiction of a bill by the trustee to avoid a transfer in fraud of creditors.

2. BANKRUPTCY ⊜⧩461—JURISDICTION OF REFEREE—REVIEW.
    An appeal not taken in time required by Bankr. Act, § 25a (Comp. St. 1916, § 9609), from the affirmance by the District Court of the dismissal of a bill by a referee for want of jurisdiction may be treated as a petition to revise, which would be in time; the question raised being a question of law only reviewable on such petition.

Appeal from the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Judge.

In the matter of W. P. B. Brooks & Co., Incorporated, bankrupt. A bill in equity by the trustee, John L. Graham, against Lillian M. Faith, before the referee, was dismissed for want of jurisdiction, and from an order of the District Court, affirming the dismissal, the trustee appeals. Reversed.

Harvey H. Pratt and John Comerford, both of Boston, Mass., for appellant.

Harlan H. Ballard, Jr., of Boston, Mass. (Ballard & Little, of Boston, Mass., on the brief), for appellee.

Before DODGE, BINGHAM, and JOHNSON, Circuit Judges.

DODGE, Circuit Judge. The trustee in bankruptcy of W. P. B. Brooks & Co., Incorporated, adjudged bankrupt in the District Court

on January 17, 1916, filed a bill in equity before the referee, to whom there had been a general reference of the case, to recover property alleged to have been preferentially transferred by the bankrupt to the defendant named therein, here the appellee.   In her answer the defendant denied jurisdiction in the referee to hear and determine the merits of the bill.   The referee sustained this objection and dismissed the bill for want of jurisdiction, on the authority of the decision previously made by the District Court in Re Weidhorn, 243 Fed. 756.   From an order of the District Court, affirming the dismissal by the referee, the trustee appeals.

[1] A petition to revise the decree of the District Court in Re Weidhorn has been heard by us at the present sitting.   No. 1302, Levy, Trustee, Petitioner, 253 Fed. 28, —— C. C. A. ——.   The District Court had held in that case that the referee was without jurisdiction of a bill by the trustee to avoid a transfer by the bankrupt alleged to have been in fraud of creditors.   We have reversed the District Court, and sustained the referee's jurisdiction, by a decree entered also on the date hereof. This requires a similar result in the present case.

[2] We have held in No. 1302 that the question of the referee's jurisdiction was properly before us upon a petition to revise under section 24b.   We do not think, however, that we are required to dismiss, the present appeal on the sole ground that the question presented should have been brought here by such a petition.   The decree below in this case was entered February 25, 1918.   The trustee was obliged by section 25a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 553 [Comp. St. 1916, § 9609]) to take his appeal within ten days, if it was to be taken at all.   A petition to revise, however, he may bring, according to the decisions in this circuit, at any time within six months after the decree complained of.   In re Worcester County, 102 Fed. 808, 42 C. C. A. 637.   We see no reason why, under the circumstances, the appeal now before us may not be treated as a petition to revise.   The question it raises is a question of law only.   In re Williams' Estate, 156 Fed. 934, 84 C. C. A. 434; In re Blanchard Shingle Co., 164 Fed. 311, 90 C. C. A. 243.

Let there be a decree reversing the decree of the District Court and remanding the case to that court for further proceedings in accordance with our opinions in this case and in No. 1302 above referred to.   The trustee in bankruptcy recovers his costs in this court.