## SCOVELL, WELLINGTON & CO. v. BRICKLEY.

### In re EARNEST A. SMITH & CO.

(Circuit Court of Appeals, First Circuit. May 15, 1923.)

No. 1615.

**Bankruptcy ⬅︎440—Order allowing compensation for services rendered receivers not reviewable by appeal.**

An order allowing a claim for services rendered the receivers of the bankrupt estate was not reviewable by appeal, under Bankruptcy Act, § 25a (Comp. St. § 9609), the order being an administrative matter; nor, where the case presented only questions of fact, could the appeal be treated by the Circuit Court of Appeals as a petition to revise in matter of law under section 24b (Comp. St. § 9608).

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

In the matter of Earnest A. Smith & Co., bankrupt. Petition by Scovell, Wellington & Co., public accountants, for services rendered Bartholomew A. Brickley, trustee in bankruptcy. From an order awarding petitioners insufficient relief, they appealed to District Court, and from affirmance again appeal. Affirmed.

George A. Sweetser, of Boston, Mass., for appellants.

Francis T. Leahy, of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

---

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. This is an appeal under section 25a, c. 541, of the Bankruptcy Act of July 1, 1898 (Comp. St. § 9609), from an order of the District Court allowing the appellants the sum of $2,000 for services performed for the receivers of the bankrupts' estate. The claim, as presented to the trustee, was for the sum of $4,037.52. It was allowed by the referee at $2,000, from which order both parties petitioned the District Court for a review.

If the case can be regarded as properly before us on appeal under section 25a, which we think cannot be done, as the order allowing the bill against the receivers was an administrative matter (O'Brien v. Ely, 195 Fed. 64, 115 C. C. A. 80; Davidson & Co. v. Friedman, 140 Fed. 853, 72 C. C. A. 553; Ohio Valley Bank Co. v. Switzer, 153 Fed. 362, 82 C. C. A. 438; In re Kinnane Co.'s Estate, 242 Fed. 769, 155 C. C. A. 357), we are not inclined to disturb the finding of the two lower tribunals, as we do not regard it as clearly against the weight of the evidence and wrong.

Then again, if the case as presented raised only questions of law, so that the appeal could be treated by this court as a petition to revise in matter of law under section 24b, being Comp. St. § 9608 (Chesapeake Shoe Co. v. Seldner, 122 Fed. 593, 58 C. C. A. 261; Gaudette v. Graham, 164 Fed. 311, 90 C. C. A. 243), we do not think the case can be so regarded, for, as we view it, it presents only a question of fact. If the referee received evidence that should have been excluded, or made erroneous rulings of law, there is nothing in the record to show that the District Court, in reviewing the case, considered such evidence, or approved such rulings in reaching his conclusion.

The decree of the District Court is affirmed, and the appellee recovers his costs of appeal.