**In re PENTICOFF.**

District Court, D. Minnesota, Sixth Division.

Jan. 4, 1941.

Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., for petitioner.

Henry Nycklemoe, of Fergus Falls, Minn., for claimants.

SULLIVAN, District Judge.

Claims were filed and allowed in this proceeding:

(a) For work, labor and services performed for the bankrupt within three months before the date of the commencement of the proceedings herein;

(b) For work, labor and services rendered to said bankrupt more than three months, but within six months prior to the commencement of these proceedings, by the following named persons in the following amounts:

| | |
|---|---:|
| Mrs. A. C. Skalman | $ 27.59 |
| Sophie Neuman | 136.00 |
| Katherine Skalman | 117.19 |
| J. L. Michealson | 24.50 |
| Angeline Warner | 17.00 |
| Esther Lindquist | 61.00 |
| Elsie McCollar | 67.00 |

Each of said creditors claims a lien in and upon the property of the bankrupt, all of which is personal property, under the provisions of Section 8548, Mason's Minnesota Statutes, 1927.

The Collector of Internal Revenue for the District of Minnesota filed a claim against said bankrupt estate for taxes and interest thereon, claimed to be due under the Social Security Act, 42 U.S.C.A. § 301 et seq., amounting to $495.67. A claim was also filed by the Department of Social Security of the State of Minnesota for unemployment compensation contributions under the Minnesota Unemployment Compensation Law.

All of the foregoing claims were allowed and payments were authorized by the referee, in the following order:

(1) Expenses of administration;

(2) The wage claims designated as (a) and (b) hereinbefore;

(3) The balance then remaining in said estate, to-wit: $10.73 to the Collector of Internal Revenue to apply on the claim of the United States in the sum of $495.67.

The question presented on this review is, are the claims for work, labor and services performed for the bankrupt more than three months and within six months prior to the commencement of the proceedings herein entitled to priority in payment over the claims of the Collector of Internal Revenue.

Section 64 of the Chandler Act, Section 104, Title 11, U.S.C.A., provides for the priority and order of payment of the debts of the bankrupt in advance of the payment of dividends to creditors, as follows:

(1) Actual and necessary expenses of administration and other items not here pertinent;

(2) Wages not to exceed $600 to each claimant, which had been earned within three months before bankruptcy * *. *;

(3) * * *;

(4) Taxes legally due and owing by the bankrupt to the United States or any State or subdivision thereof * * *.

The wage claimants referred to in (b) hereof contend, first, that by virtue of Section 8548, Mason's Minnesota Statutes, 1927, the pertinent portions of which are as follows: "Every mechanic, salesman, clerk, operative, or other employee of a manufacturer, merchant, or dealer in merchandise shall have a lien upon all the property of his employer, as against any attachment or execution levied thereon, for the security of his wages earned within the six months last preceding, to an amount not exceeding two hundred dollars. * * *", a statutory lien for services earned within six months preceding the bankruptcy proceeding is created; second, that Section 67, sub. c, of the Chandler Act, Section 107, sub. c, Title 11, U.S.C.A., is basis for priority in payment over the taxes due the United States.

■ Section 64 of the Bankruptcy Act provides a hard and fast categorical classification of claims against a bankrupt estate, and the order in which said claims are to be paid. This order of priorities cannot be varied or departed from. After the payment of items referred to in Section 64, sub. a, (1), (2), (3), and (4) of the Chandler Act, it is provided in said Section (subdivision (5)) for the payment of "Debts owing to any person, * * * and rent owing to a landlord who is entitled to priority by applicable State law: Provided, however, That such priority for rent to a landlord shall be restricted to the rent which is legally due and owing for the actual use and occupancy of the premises affected, and which accrued within three months before the date of bankruptcy."

Section 67, sub. c, of the Chandler Act (Section 107, sub. c, Title 11, U.S.C.A.) provides that when a statutory lien on personal property is not enforced by sale before the filing of a petition in bankruptcy, even though the same be valid under sub. b of said section, where it is not accompanied by possession of such property and liens, whether statutory or not, of distress for rent, shall be postponed in payment to the debts specified in clauses (1) and (2), sub. a, of said Section 64 of the Bankruptcy Act, and except as against other liens, shall be restricted in the amounts of their payment to the same extent as provided for wages and rent, respectively, in sub. a of said Section 64.

Under Section 64, sub. a (2) of the Bankruptcy Act, wages are restricted to each claimant to those which have been earned within three months before the date of the commencement of the bankruptcy proceeding and to an amount not exceeding $600.

Congress may, under its bankruptcy power, "provide for the fair and equitable distribution of a debtor's property among his creditors; may discharge the debtor from liability for pre-existing debts; may impair or destroy the obligation of private contracts; and may effect changes in the lienholder's remedy or delay its enforcement." Ginsberg et al. v. Lindel, 8 Cir., 107 F.2d 721, at page 726. Congress may determine the priority in payment to be given wages and other claims, irrespective of any state statute, and the extent to which said power is exercised becomes exclusive. In re Rouse, Hazard & Company, 7 Cir., 91 F. 96; In re Slomka et al., 2 Cir., 122 F. 630; In re Caledonia Coal Company, D.C., 254 F. 742, on pages 747, 748.

Section 67, sub. c of the Chandler Act does not give priority to all lien claims for wages or rent created under a state law, but specifically restricts and limits the amounts of such claims to the extent and in the manner provided for in sub. a of Section 64 of said act. In determining the priority, if any, of the claims of the respective claimants for services earned more than three months and less than six months from the date of filing of the petition in these proceedings, we must be guided by Section 64, sub. a (2). Priority in payment over taxes due the United States is given only to claims for wages which have been earned within three months immediately preceding the commencement of the bankruptcy proceedings.

Because of the views herein expressed, there is no need of reference to the question of whether Section 8548, Mason's Minnesota Statutes, 1927, provides for a statutory lien such as is contemplated in Section 67, sub. c, of the Chandler Act.

It is therefore ordered that the order of the referee giving said claims for wages earned within six months but more than three months from the date of the filing of the petition in these proceedings priority in payment over the claim of the Collector of Internal Revenue, be, and is hereby reversed in that respect, and

It is further ordered that the claim of said Collector of Internal Revenue be given priority in payment over the claims of said claimants for wages not earned within three months immediately preceding the filing of the petition in these bankruptcy proceedings.